Chittenden,
*January,*
1843.

Briggs & Edmonds
*v.*
Shaw &
Thrall.

WILLIAM P. BRIGGS and EBENEZER EDMONDS *v.* HENRY SHAW
and REUBEN R. THRALL.

*( In Chancery.)*

Chancery will not relieve against a judgment at law, when the matter set up, would have been a good defence, and would have been established by the same evidence at law, and when the orator has suffered a judgment to pass without attempting to avail himself of such defence.

*Practice.* This court will not, on appeal, direct any question of fact to be ascertained by a jury.

THIS was an appeal from a decree of the court of chancery against the orators.

The orators in their bill charged, in substance, that, in payment for 102 sheep purchased by them from the defendant, Shaw, they gave him their note for $375, dated September 19th, 1825; that subsequent to the execution of the note, Shaw agreed to receive from them, in payment thereof, wool from said sheep at a fair market price, to be delivered at Pontoosuck factory, in Lanesboro, Massachusetts; that, in September, 1826, they delivered at said factory 337 pounds of wool from said sheep; that, not agreeing on the price of the wool, the orators and Shaw agreed that Shaw should give for the wool the price which should be obtained for the wool grown on Shaw's farm that year; and that the wool was, thereupon, left at said factory. And the orators alleged that the price received for Shaw's wool, grown that year, was sixty cents per pound.

The orators further charged that Shaw did not apply said wool on said note, but subsequently transferred the note to the defendant, Thrall, for the purpose of collection, and that no consideration was paid by Thrall therefor; that Thrall brought an action on the note in his own name, and recovered judgment, and obtained execution thereon, and put the execution into the hands of an officer for collection; and that the orators paid the officer a certain sum on the execution, which sum, together with $115 paid on the note before the delivery of the 337 pounds of wool, and the said wool, at sixty cents per pound, amounted to the whole of said execution.

The orators prayed that the defendants might be perpetually enjoined from enforcing said judgment, until the amount

and value of said wool should be ascertained and applied— and for further relief.

The defendant, Shaw, admitted the execution of the note for the sheep, but denied that he agreed to receive in payment therefor, wool from said sheep, at any price. He admitted that in the summer or fall of 1826, the defendant, Briggs, brought 337 pounds of wool to said factory, but denied the alleged agreement to give for it the price which should be obtained for the wool grown on his farm that season, and alleged that he offered to purchase, and apply it on the note, at such price as should be agreed on between Briggs and Daniel Campbell, jr., agent for said factory,—and that, Briggs and the agent not agreeing on the price, the wool was left at the factory, where it still remained. He admitted that he received the sum of sixty cents per pound for the wool grown on his farm, in the season of 1826, and further admitted the transfer of the note to Thrall, without consideration, for the purpose of collection only.

The defendant, Thrall, in his answer, admitted the transfer of the note to him as stated by the orators; that he instituted a suit thereon in his own name, and recovered judgment and took out execution thereon, as alleged by the orators—which execution he put into the hands of the officer mentioned in the orators' bill. And he further alleged, that at the term of the court when said suit was entered, the orators appeared by their attorney, who obtained a continuance of the cause, upon the ground alleged by him, that the orators had a good defence to said action; and that, at the next term of the court, the orators appeared by their attorney, and voluntarily consented that judgment should be rendered against them; and the said defendant insisted that the orators had had sufficient opportunity to make their defence to the said action, and ought to have made the same at law.

The answers were traversed and testimony was taken. Among the witnesses who testified was Daniel Campbell, jr., referred to in Shaw's answer, and Boyd, whose testimony is referred to in the opinion of the court.

**CHITTENDEN, January, 1843.**

**Briggs & Edmonds v. Shaw & Thrall.**

*C. Adams,* for orators, contended that the suit against the orators could not have been defended at law, without proof that the wool had been received as payment. But whether actually received or not, if brought to the factory under an agreement to receive, it created a good claim in equity. The fact that this could not be made out without a discovery, shows not only, that the defence at law would be imperfect, but that chancery had jurisdiction.

It does not follow that, because chancery will aid a defence at law, by compelling a discovery, it must necessarily be made in that form. On the contrary, if a discovery is necessary, that gives the court jurisdiction ; and having jurisdiction, they may examine the case and grant relief. Neither does the jurisdiction depend on the fact that a discovery is obtained.

Chancery will frequently take jurisdiction, even though the party may have a defence at law. It may depend on the nature of the case, the difficulty of making the defence at law, or the superior power of chancery to grant relief. It was on this ground that the suits between Dana & Nelson & Hall in our courts were determined. 1 Aik. 252 ; 2 Aik. 382.

Chancery will restrain a judgment at law, when a full defence could not be made, and when it would be unreasonable to enforce it. The ground on which chancery interferes is, to restrain a party from making an unjustifiable use of the judgment. *Hill* v. *Turner,* 1 Atk. 516 ; Mitford, 116, 119 ; 1 Mod. 130 ; *Strong* v. *McConnel,* 10 Vt. R. 231.

In the cases of *Lansing* v. *Eddy, Williams* v. *Lee,* and all that class of cases cited on the other side, it will be found that the claim made was without any equity, and the doctrine should not be extended beyond the facts before the court. And in this case, if the contract is established, it is decisive of the equity of the orators' claim, for if Shaw has received the wool under the agreement charged, it will be a case of flagrant injustice to allow him to enforce his judgment at law.

*Lyman & Marsh,* for defendants.

The matters charged in the bill, were as good at law as in equity ; and if they be considered as proved now, might have been established by the same evidence upon the trial in

CHITTENDEN,
January,
1843.

Briggs & Edmonds
v.
Shaw &
Thrall.

the action on the note. All the testimony shows previous notice to the orators; and equity will not relieve when defendant has suffered judgment to pass without availing himself of a defence which he might have made at law. *Loud* v. *Sargeant*, 1 Edwards, 164; *Lansing* v. *Eddy*, 1 J. C. R. 49, and cases there cited; *Smith* v. *Lowry*, 1 J. C. R. 320, 323; *Duncan* v. *Lyon*, 3 J. C. R. 351; *Barber* v. *Elkins*, 1 J. C. R. 465; *Foster & others* v. *Wood*, 6 J. C. R. 87; see also *Marine Ins. Co.* v. *Hodgson*, 7 Cranch, 332; (2 Pet. Cond. Rep. 507); and *Stevens* v. *Tuttle*, 3 Vt. R. 519; *Loring* v. *Mansfield*, 17 Mass. 394; *Emerson* v. *Udall* 13 Vt. R. 477.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—The orators, in this case, endeavor to establish, as a ground for the relief prayed for, an agreement made by the defendant, Shaw, with them, to receive wool in payment of the note, on which the judgment, in the name of Thrall, against the orators, was rendered. This agreement, together with the subsequent act of carrying the wool to the factory of the defendant, Shaw, was either a payment on the note, or an accord and satisfaction, and if either, afforded a complete defence to the action at law; and as judgment was rendered in the action at law, for the full amount of the note, and the orators were fully apprised of all the facts which were necessary to make that defence, or could have ascertained them, that judgment is a conclusive bar to this bill.

There is, moreover, a failure of proof, even if the judgment was not conclusive. The agreement is denied in the answer, and the testimony, to prove the agreement, is not sufficient to prove the agreement and the acceptance of the wool; but the acceptance is disproved by the testimony of Campbell and Boyd.

The application to submit the questions of fact, to the consideration of a jury, would not have been warranted by any principles, which govern proceedings in a court of chancery, even if it had been made to the chancellor; and this court, on the hearing of appeals, can never listen to any such application. The decree of the chancellor is affirmed with additional cost.