LYMAN STEWARD vs. SOLOMAN DOWNER.

In a suit in the name of a common informer, to recover the penalty under the
statute against usury, it must appear that the payment of money or other
thing sought to be recovered was a voluntary payment and made in pursu-
ance of a previous corrupt agreement.

A decree of the county court, in an action of ejectment predicated on mort-
gage, even after it becomes absolute and so the debt is paid, does not consti-
tute such a payment as will enable the mortgagor or a common informer to
recover the excess of lawful interest included in such decree.

By such decree it would seem, that the usury is purged, and no subsequent
procedings can be had, whereby the question of usury shall be again brought
into discussion.

If the contracting party never had a right of recovery under that statute, no
action can accrue to a common informer.

This is an action brought by a common informer to recover the
penalty under the statute prohibiting usury.

The summary of the case was this :—One Benjamin Clapp ob-
tained a loan of money of this defendant Downer upon usurious
interest and mortgaged his farm in Barnard to secure the payment.
On failure of payment Downer brought his action of ejectment
for the farm, recovered judgment, and Clapp filed his motion to
redeem.    The sum due upon the contract was ascertained, and a
time of redemption limited.    That time expired without payment,
leaving the title absolute in Downer.    This farm was shown to be
worth as much at least as all the amount of the decree, including
interest and cost.    After one year had expired without any suit by
Clapp, and within a second year, this action was commenced by
Steward.    On trial the county court instructed the jury that the
proof of these facts, if believed, did not entitle the plaintiff to re-

cover. The plaintiff excepted to this instruction and the cause passed to this court.

WINDSOR,
February,
1836.

Steward
vs.
Downer.

*T. Hutchinson for plaintiff.*—1. That Downer received land in pay for his usurious loan can form no valid objection to the plaintiff's recovering ; for the statute is so broad as necessarily to include all kinds of property, if received in satisfaction of an usurious loan. The statute, first, prohibits the receiving either in money, goods, or any other thing, and gives an action, within one year, to the person paying such money, or delivering such goods, or other thing. If the person paying does not sue within a year, and *bona fide* prosecute for the money so paid, or for the value of the goods or other things so delivered, any other person may sue for the same, within a second year. No argument can make this more plain. If any thing but money is delivered, its value is to be recovered.

2. We think, that Downer's recovering the land by judgment of court, forms no defence to this action. This merely shows a cumpulsory payment by Clapp ; and the statute makes no exception in favor of compulsory payments, or payments after a judgment of court. The judgment for the land is no more conclusive against Clapp, than would have been his voluntary relinquishment of his equity of redemption in discharge of the debt ; which he might have done by a quit-claim deed. Clapp may possibly have neglected to defend the action of ejectment through want of evidence to prove the usury. Or he may have colluded with Downer in covering up the usury by a judgment as well as in making the usurious contract. Indeed, that provision of the statute, under which any third person may sue during a second year, goes upon the supposition, that the person paying the usury either is unable to furnish the proof to defend a suit upon the usurious contract, or support an action to recover back the money paid, or else colludes with the person receiving the usury. The object of the statute is to protect the weak and the necessitous, against the powerful and avaricious. It places its guards upon all sides ; first, forbidding the taking of excessive interest ; second, making the usurious contract void. This would require proof in defence of an action upon the contract ; third, allowing the person paying to recover back the usurious part ; and, fourth, if the person paying lacks evidence to defend or support his rights, or should collude with the person receiving the usury, or should be deterred by him from seeking his remedy in either way, any other person may sue and recover.

41

WINDSOR,
February,
1836.

Steward
vs.
Downer.

Here it will be observed, that no two of these remedies, are concurrent; but are successive of each other. The first remedy is, to prevent the payment of the money. But no suit lies to recover back the money or other property, till it is paid. It is the receiving the money or other thing, that makes the receiver liable. He is not obliged to receive it, if he is able to deter the debtor from his defence. If he does receive it, he does it at the risk of a suit to recover it back. Let it once be understood, that a judgment covers the usury so deep as never to be dug out, and that will be a cover for all usury. A judgment by confession will be as available as a judgment in a regular suit. This suit against Downer is brought for that which did not exist when he recovered judgment against Clapp. It was not, nor could it be, litigated in that suit. He is now charged with receiving the property, which he was then seeking to get.

We present the case upon a reasonable construction of the statute, finding no cases in point. And it does appear to us, either that the judgment in ejectment authorized the defendant to commit a breach of the law, which was not committed till the expiration of the time of redemption given to Clapp in the ejectment suit, or that he is liable in this suit for the breach of law, committed by him after the judgment. The mortgage was but a security for the debt, and the judgment upon it a conditional one, till the time of redemption expired.

The plaintiff cannot be affected by any neglect of Clapp. He is as a stranger to the judgment.—2 Stark. Ev. 586-7.

See 15 Mass. R., ——— vs. *Miller,* where money paid to satisfy a judgment was recovered back, said judgment still remaining unreversed.

*A. Aiken for defendant.*—1. The plaintiff is not entitled to recover. The " *other thing,*" which the defendant is charged in the declaration with having corruptly and usuriously received of one Benjamin Clapp, is a *farm of land.*

He has been placed in the possession of that farm by the act and force of law, in execution of a regular judgment and decree of foreclosure.

This would be conclusive upon the original parties to the contract, upon which that judgment was had.—2 Caines 150.—Cowan's Just. 140.—*Thatcher et al. Executors* vs. *Gammon,* 12 Mass. R. 268.—*Bearer* vs. *Barstow,* 9 Mass. R. 48.—*Flint* vs. *Sheldon,* 13 Mass. R 452.

WINDSOR,
February.
1836.

Steward
vs.
Downer.

It is also conclusive upon a *Sharker* seeking his prey under the statute, (p. 163, s. 2)

The law gives to this character a right of action, not on the ground of restoring to an injured party that which has been unlawfully taken from him, and so doing justice where injustice has been suffered, but for the purpose solely of punishment, to him who did the injustice. It is the infliction of a penalty, and the prosecution though civil in form, is criminal in substance and effect. The statute is, therefore, to be construed strictly.

The popular right to prosecute is given by the statute, only upon the neglect to prosecute, or a covinous discontinuance of a prosecution by the party to the usury, who was injured by it.

Where there is no legal right of action to be neglected, there can be no neglect; consequently, the right of action, being extinguished, or never having accrued as to the original party, it is so as to all others.

2. The receipt, or satisfaction of a contract, upon a foreclosure, so far as it can be said to be a satisfaction, is by operation of law, and not by act of the parties.

The law can never punish a man for acting in obedience to its own decree.

The acceptance of the farm was in satisfaction of the judgment which was a title of record, made absolute by the judgment, not dependant for its constituant qualities, upon any agreement of the parties, but upon facts found upon the trial and purged of all unlawfulness, (if any had existed,) by the judgment itself. And it was not a "taking" or "receiving" of any thing upon the contract of the parties, for that was extinguished by the judgment.

The judgment gives the title, and not the deed. The effect of every final judgment, is to merge the cause of action.

The opinion of the court was delivered by

REDFIELD, J.—It is apparent from the terms of the statute, and such indeed, has long been the settled construction of similar statutes, that the payment, to constitute usury, must be in pursuance of a previous corrupt agreement. It is not necessary to inquire whether the payment must specifically correspond with the terms of the contract. It must be a voluntary payment and a payment made in consummation of the previous corrupt bargain.

closure and possession of the mortgaged premises taken under it, no doubt operates as a payment of the entire debt if the premises be of sufficient value ; if of less value than the mortgage debt, then as payment *pro tanto*. But this is a payment by operation of law, and strictly *in invitum*. It is by virtue of a decree made on motion of the debtor. But as the county court have *pro hoc vice*, chancery powers, we see no good reason to make a distinction between this case and that of a decree in chancery.—*Strong* vs. *Strong*, 2 Aik. 373, and *Lovell* vs. *Leland*, 3 Vt. 581. There is no very obvious reason why any such distinction should be made.

And this presents another formidable objection to the plaintiff's recovery. This decree is to all intents a judgment, and as between the parties to the judgment, every defence to the original suit is forever put at rest. The validity of the judgment cannot be again examined. The usury is as effectually purged as if the parties had by agreement deducted the excess of interest from the security, which has always been held to purge the usury.

And if by the operation of the decree the party aggrieved is barred of any right to sue for and recover back the excess of interest, then no such right ever existed. Of course it could not have been delayed for "one year" as the statute seems to pre-suppose in the remedy given to a common informer. And the statute only gives the common informer the *same* remedy which the party paying the usury had had, which in the present case is none at all.

And should we permit this plaintiff to recover, it must involve the absurdity of re-examining the former decree, which can no more be done in this case than if the suit had been brought in the name of the original debtor.

In every view of the case the judgment of the court below was clearly correct, and is affirmed.