WILLIAM A. WOODWARD, Respondent,

*vs.*

JOHN P. HILL, Appellant.

APPEAL FROM DANE CIRCUIT COURT.

The judgment of a court of competent jurisdiction is final and conclusive upon the rights of the parties, touching the subject matter of the suit, and cannot be impeached collaterally, or by a counter action.

Where a sum of money was delivered by the obligor of a bond to the obligee, to be credited by the latter upon the bond as a part payment, and the obligee neglected to endorse or apply said payment, but afterwards sued for and recovered from the obligor the whole amount of the bond, *held*, that he was liable to the obligor in an action for money had and received for the amount so delivered to him, and which he failed to apply upon the bond.

But, *Semble*, in such case, if the obligor had set up such part payment as a defense in the action on the bond, and had failed to sustain it for want of proof or other cause, he could not afterwards recover the amount back.

The declaration or complaint in this case alleges "that the said plaintiff, heretofore, to-wit: on the twenty-seventh day of February, in the year one thousand eight hundred and fifty-five, at the county of Dane aforesaid, paid and delivered to the said defendant the sum of two hundred dollars and fifty cents, then and there by the said defendant to be received, used and applied towards and upon the payment of the principal sum and interest thereon accrued, mentioned in the condition of a certain bond, which said bond was executed under the hand and seal of the said plaintiff to the said defendant, bearing date on the thirty-first day of December, in the year one thousand eight hundred and fifty-three, in the penal sum eleven hundred and thirty-two dollars, and conditioned among other things for the payment of the sum of $560.30 on the first day of April, 1854, with interest; which said bond was then and there delivered to the said defendant; and that afterwards, to-wit: on the first day of November, in the year one

thousand eight hundred and fifty-six, at the county of Dane aforesaid, the said payment of the said sum of two hundred and fifty dollars and fifty cents being then and there disregarded by the said defendant, the said plaintiff was compelled to pay and did then and there pay to the said defendant the full amount of the said principal sum and the interest thereon accrued, mentioned in the condition of said bond, to-wit, the sum of seven hundred and seventy-two dollars and fifty-six cents, which said sum was the amount in full of the principal sum and the interest thereon, lawfully accrued at that time mentioned in the condition of the said bond; and that the said defendant did not, at the time of the said payment and delivery of the said sum of two hundred dollars and fifty cents to the said defendant as aforesaid, use or apply the same, or any part thereof, towards or upon the payment of the said principal sum, or the interest thereon as accrued, or any part thereof, mentioned in .the condition of the said bond, and has not so used or applied the same, or any part thereof, since that time, and has not used or applied the said sum of two hundred dollars and fifty cents, or any part thereof, in any manner for the use or benefit of the said plaintiff; and that by means of the premises the said defendant is at this time justly indebted to the said plaintiff in the said sum of two hundred dollars and fifty cents, together with interest thereon, from the time when the said sum was so delivered to the said defendant, to-wit: the twenty-seventh day of February, in the year one thousand eight hundred and fifty-five. That the same is now justly due from the said defendant to the said plaintiff, and that the same, or any part thereof, has not been paid," &c.

The defendant answered admitting the execution and delivery of the bond, and further alleged :

That on or about the 27th day of February, A. D. 1854, the plaintiff paid to Messrs. Catlin and Williamson, the then agents, for that purpose, of this defendant upon said bond and mortgage, the sum of two hundred dollars and fifty cents, as this defendant is informed and believes.

That subsequent thereto and after the remainder of said prin-

cipal sum mentioned in the condition of said bond and mort-
gage had become due and payable on or about the 10th day of
April, A. D. 1855, the defendant, by Abbott and Clark, his
Attorneys, filed in this court his bill of complaint against the
plaintiff, together with one Charles R. Ransom, who was
included in said suit as co-defendant with the plaintiff for the
foreclosure of said mortgage.   That upon filing said bill a sub-
pœna was duly issued from the office of the said court, which
was duly and personally served upon the plaintiff in this suit;
that on the 12th day of July, A. D. 1855, this plaintiff appeared
in said foreclosure suit, and filed his demurrer to the said bill
of the defendant therein, and such proceedings were had in
said foreclosure suit that afterwards on the twenty-first day of
December, A. D. 1855, a final decree was made by said court
therein, a copy of which is hereto attached and made part of
the answer of this defendant, which said decree still remains
of record and unreversed in this court.   And this defendant
further answering admits and states, that on the first day of
November, A. D. 1856, the plaintiff in this suit paid to the
attorneys of this defendant, in said foreclosure suit, the sum of
seven hundred and seventy-two dollars and fifty-six cents, in
full of the amount decreed in and by said decree to be due to
this defendant, together with the interest which had accrued
thereon, and which is the payment of that sum referred to in
the complaint of said plaintiff.

This defendant therefore insists that the said foreclosure suit,
and the decree therein, are a full and complete bar to the claim
of said plaintiff for the recovery of the said sum of two hun-
dred dollars and fifty cents, as well as for any other sum paid
by him on said bond and mortgage, and that it was the duty
of said plaintiff to see that all payments on said bond and mort-
gage were in said foreclosure suit brought in, credited and
allowed; and if he failed so to do, that it was the fault and
neglect of the plaintiff, and not of this defendant."

On the 25th day of the same month of July, the said plain-
tiff, by his said attorneys, served and filed his demurrer to the
aforesaid answer, " for insufficiency thereof, for that the alle-

gations therein averred and set forth are not sufficient to constitute a ground of defence to the complaint of the plaintiff in this action."

On the 17th day of August, 1857, at the special August Term of said court, after argument of the same, the said Circuit Court did, by its order of that date, sustain said demurrer, and did thereupon render judgment against the said defendant below for the sum of two hundred and thirty-four dollars damages, and thirty dollars and seventy-one cents costs.

To which decision, opinion and judgment of said Court, the said defendant by his said attorneys, did then and there except.

*Abbott and Clark,* for appellant.

The sum claimed by the plaintiff below in his complaint being admitted, and *declared* to be a *payment* and not a *set-off*, the suit for the foreclosure of the mortgage, on which said sum is claimed to be a payment, is a complete bar to the present action. *Marriott* vs. *Hampton,* 7 D. and E. 265. *Loring* vs. *Mansfield,* 17 Mass. 394. *Thatcher* vs. *Gammon,* 12 Mass. 267. *Homer* vs. *Fish,* 1 Pick. 435, and "Notes" to *Rowe* vs. *Smith,* 16 Mass. 306.

In the case of *Marriott* vs. *Hampton,* Lord Kenyon says, that " after a recovery by process of law there must be an end of litigation, otherwise there would be no security for any person. I cannot, therefore, consent even to grant a rule to show cause lest it might seem to imply a doubt;" and Grose, J., said " it would tend to encourage the greatest negligence if we were to open the door to parties to try this cause again, because they were not properly prepared the first time," &c.

The case of *Loring* vs. *Mansfield* is directly in point. In this case the court say that " the plaintiff was present in Court, and *might have* been heard, &c., but he lay by and offered no evidence of his payment—with what view, or for what reason, we do not know. If it was by mistake, his proper remedy is by application for a review, in the granting which, the Court will take care that no injustice shall be done in respect to costs.

But if the plaintiff withheld the evidence, now offered, for the purpose of maintaining the present action, neither justice nor the policy of the law, will sanction a procedure so manifestly vexatious.

*Atwood and Haskell*, for respondent.

I. The action for money had and received is equitable in its nature, and in general may be maintained whenever the defendant has money of the plaintiff which he ought not in justice and good conscience to retain. *Rathborn* vs. *Stocking*, 2 Barb., 135 ; *Buel* vs. *Boughton*, 2 Denio., 91 ; *Wiseman* vs. *Lyman*, 7 Mass., 288 ; *Wright* vs. *Butler*, 6 Wend., 290 ; *Eddy* vs. *Smith*, 13 Wend., 488.

II. The plaintiff in error, having failed to apply upon the bond, the $200.50 mentioned in the complaint, stands, in regard to that sum, in the same relation to the defendant in error as any third person, who, receiving a sum of money from him for a specific end, fails to appropriate it to that end ; and the plaintiff in error cannot insist that the sum was a payment upon the bond, by reason of his failure to apply it thereon ; and, for the same reason, the defendant in error may treat it as the subject of an action, or as a matter of set-off, neither of which is barred by a former action if not therein adjudicated. *Fowler* vs. *Shearer*, 7 Mass., 14 ; *Cook* vs. *Moseley*, 13 Wend., 277 ; *Halsey* vs. *Carter*, 1 Duer, 667 ; *Judah* vs. *Brandon*, 5 Blackf., 506 ; *Bar bone* vs. *Brent*, 1 Vernon's Ch. R., 176 ; *Prentice* vs. *Phillips*, 1 Root, 103 ; *Hurd* vs. *Fleming*, 1 Root, 132.

III. But whether the $200.50 shall be held a matter of set-off, or otherwise, the plaintiff in error failing to appropriate it to the end for which it was entrusted to him, by that failure and breach of trust has forfeited all right to retain it, and should refund ; otherwise he enjoys the advantage of his own wrong, in a transaction wherein the defendant in error acted in entire good faith. *Eastman* vs. *Hodges*, 1 Chipman, (Vt.) 101 ; *Gossett* vs. *Hollingsworth*, 5 Black., 394 ; *Whitcomb* vs. *Williams*, 4 Pick·, 228 ; *Rowe* vs. *Smith*, 16 Mass., 306.

*By the Court,* SMITH, J.—Every principle of equity, and every suggestion of honesty and fair dealing, require that the judgment of the Circuit Court should be affirmed, unless there is some stern rule of law which forbids it. It is admitted that this cannot be done, if by so doing, the judgment or decree in the former suit will be thereby impeached; for no rule of law is better settled than that the judgment of a court of competent jurisdiction is final and conclusive upon the rights of the parties, touching the subject matters of the suit, and that the same cannot be impeached collaterally, or by a counter action. But as to what extent the rights of the parties were adjudicated by the former judgment, what matters were involved and concluded, and what further inquiry may be had, without impairing the force or impeaching the accuracy and justice of the judgment, the authorities are not very clear nor the line of demarkation very distinct. The correctness of the principle is unquestionable, but the difficulty consists in its correct application to all the various and ever-changing transactions of mankind.

It is a well settled rule of law that the action of assumpsit for money had and received lies, in general, whenever the defendant has the money of the plaintiff which he ought not in justice and good conscience to retain; and yet it is equally well settled that money paid under legal process cannot be recovered back, and that the merits of a judgment can never be overhauled by a new action; that where one has wrongfully obtained the money of another, he is liable to an action for its recovery, and yet if he obtain it by legal process, by means of a judgment rendered for more than his due, he cannot be disturbed in its enjoyment. These apparent inconsistencies are discoverable on examination of the various adjudications in actions for money had and received, and are to be attributed, doubtless, to the incessant struggle to which this action has given rise, between the requirements of equity and the stern maxims of the common law. Indeed this action for money had and received is denominated an equitable action, addressing itself peculiarly to the conscience of the court under all the circumstances of the particular case.

In view of the equity of this case, there can be no doubt that the plaintiff ought to recover the amount claimed. So far as the record indicates the rights of the parties from a development of their transactions, there is no doubt that the defendant obtained a decree for some $200 more than was his due, in the foreclosure suit. This, in a court of law, but more especially in a court of equity, would be a legal fraud.

But it is contended that the sum of $200 was a payment, and that the plaintiff should have procured its allowance as such in the foreclosure suit; that he had an opportunity to do so; that he did not, and hence he is barred of his present action to recover the amount.

In actions for money had and received the inquiry is, whether at the commencement of the suit the defendant had in his hands money, which according to the rules of equity and good conscience, belonged to the plaintiff, and ought to be paid to him, and which, *ex aequo et bono*, the defendant ought not to retain. *Wiseman et al. vs. Lyman*, 7 Mass., 286.

The defendant below claims that the sum claimed by the plaintiff below was admitted and declared to be a *payment*, and that the suit for the foreclosure of the mortgage on which the said sum is claimed to have been paid, is a complete bar to the action, and he cites several authorities to sustain that position.

The facts, as stated in the complaint, are set out as follows: "the said plaintiff heretofore, to wit: on the twenty seventh day of February, in the year one thousand eight hundred and fifty five, at the county of Dane aforesaid, *paid and delivered* to the said defendant the sum of two hundred dollars and fifty cents, then and there by the said defendant to be *received, used and applied* toward and upon the payment of the principal sum and interest thereon accrued, mentioned in a certain bond," &c. "And that afterward, to wit, on the 1st day of November, A. D. 1856, at the county of Dane aforesaid, the said payment of the said sum of two hundred dollars and fifty cents, being then and there disregarded by the said defendant, the said plaintiff was compelled to pay, and did then and there pay to the said defendant, the full amount of the said

principal sum and interest mentioned in the condition of said bond," to wit, &c. "And that the said defendant did not, at the time of the said payment and delivery of the said sum of two hundred dollars and fifty cents to the said defendant as aforesaid, use or apply the same, or any part thereof, toward or upon the payment of the said principal sum or the interest thereon as accrued, or any part thereof, mentioned in the condition of said bond, and has not so used or applied the same or any part thereof, since that time; and has not used or applied the said sum of two hundred dollars and fifty cents, or any part thereof, in any manner for the use or benefit of said plaintiff; and that by means of the premises, the said defendant is at this time justly indebted to the said plaintiff in the said sum of two hundred dollars and fifty cents, together with interest thereon, from the time when the said sum was so delivered to the said defendant, to wit: the twenty seventh day of February, in the year one thousand eight hundred and fifty five." The answer admits the material allegations of the complaint, but sets up the foreclosure suit as a bar to the action.

On inspecting the record in the foreclosure suit, it appears that the defendant therein demurred to the bill; the demurrer was overruled, whereupon the bill was taken as confessed, and a final decree entered. There was no answer to the bill; no issue of any kind made; no trial of any fact: an assessment of the amount due merely.

It seems to me that this case is quite distinguishable from that of *Mariot vs. Hampton*, 7, D. & E. In that case the payment of the money was put in issue, and the defendant failed for want of proof. His receipt was lost, and he was unable to sustain his defense. He nevertheless had put the fact of his payment in issue, and had had trial thereon.

But it would seem that the case at bar bears the closest analogy to that of *Fowler vs. Shearer*, 7 Mass., 14. In that case it appears the plaintiff had paid twenty dollars to an attorney, who held a note against him for collection, to be applied by the attorney, on the note. The latter neglected to apply

or credit the amount, but sued the note and took judgment for the whole amount appearing to be due. Although the attorney had paid the money over to his client, yet the court held him liable to the plaintiff in this form of action. Although the plaintiff had notice of the suit, and might have pleaded payment and called on the defendant to prove it, yet he had a right to rely on the defendant to make the application or credit the amount on the note.

So in this case the averment is that the money was paid and delivered to the defendant, then and there by the said defendant to be received, used and applied towards and upon the payment, &c.; that he never did thus apply or use the money, nor in any other manner for the benefit of the plaintiff. This is not like the case of a payment, the application of which is made at the time and a receipt taken as evidence of the fact; but the money was delivered over to the defendant and received by him to be used for a specific purpose. He did not use it for the purpose for which it was delivered to him, but converted it wholly to his own use. The plaintiff had a right to rely upon the good faith of the defendant in the application of the money.

There is no doubt that the plaintiff might have set up these same facts by way of answer in the foreclosure suit, and the court would have compelled the defendant *then* to make the application of the money which he ought to have made at the time of receiving it. And there is no doubt that had the plaintiff made the attempt and failed for want of proof, or other cause, the matter would have become *res adjudicata*, and a bar to this action, It would then have come within the class of cases of which *Mariot vs. Hampton* is the type. It would have been analogous to the case of *Loring vs. Mansfield*, 17 Mass., 394, where the plaintiff made full defense in the first suit and failed, and judgment was rendered upon a full trial on the merits, and it was quite apparent that the payments set up in the second suit could not be allowed or adjudicated upon without impeaching the former judgment.

But here is no impeachment of the decree in the foreclosure

suit. It was undoubtedly correct upon the record; and for the reason that no application had been made of the two hundred dollars. For that reason this suit is the proper remedy. Had the defendant made the application upon, and to the payment of the bond, and the court had nevertheless rendered a decree for the full amount of the bond, regardless of the payment so applied, the remedy, if any, would have been of a different character. But we are bound to presume that if the defendant had credited the money received by him on the bond, the decree would have been rendered accordingly. There was no error of the court in its rendition, but the decree is strictly correct; the fault is in the mis-appropriation by the defendant of the money entrusted to him for a particular purpose, that the plaintiff suffered a decree for too large an amount and was compelled to pay it.

Suppose the plaintiff had delivered $200 to a third person, to be paid over to the defendant, to be applied as part payment on the bond mentioned, and such third person had neglected or refused to pay it over, or have it so applied, would not this form an action lie against him? And does this defendant stand in any better condition, having received the $200 for the specific purpose of applying the same upon the bond in part payment thereof, neglecting and refusing to make such application, prosecuting his bond to a decree, and regardless of his duty and of the trust reposed in him, taking a decree for the whole amount of the bond, and afterwards demanding and receiving the whole amount of the decree, of the plaintiff? And does it mitigate the transaction that he now coolly turns upon the plaintiff and says: " All this is true, but it is your own fault; you might have compelled me to make the application in the foreclosure suit; you should not have trusted my good faith; you should have known that I would betray my trust; you had an opportunity to compel me to be honest, you let it slip and are now barred."

Whatever may be the real nature of the transaction between these parties, such is its character as it appears upon this record, and of course presents a defense which can only be upborne by the most inflexible rule of law.

Woodward vs. Hill.

Again, suppose the defendant had assigned the bond and mortgage, to an innocent third person without making the application of the $200, and the assignee should foreclose and obtain a decree for the whole amount; would not the defendant be liable in this form of action to the plaintiff? or if the court should allow the $200 on the bond, would he not be liable to his assignee?

Here was a special trust reposed in the defendant. The money is placed in the hands of the defendant, and received by him to be credited and applied on the bond. He violates that trust, and this I think brings this case within the class of which *Fowler vs. Shearer*, 7 Mass., 14, is an illustration. See also *Cook vs. Moreley*, 13 Wend., 277; *Judah vs. Brandon*, 5 Blackf., 506; *Whitcom vs. Williams*, 4 Pick., 228; *Rowe vs, Smith*, 16 Mass., 306, and numerous other cases cited in these.

It must be confessed that it is difficult to draw a clear distinction in all these cases. But as nearly as I can discover the distinguishing principle, it is this: Where the prosecution of the action will impeach a former judgment, it cannot be maintained; but where the claim does not impeach the former judgment, but arises out of the fraud, breach of trust or neglect of the party, the action may be maintained.

While it is very possible that we may have erred in regard to the proper application of the law to this case, as it is established in the equitable action of assumpsit for money had and received, we are consoled by the reflection that we have done equal and exact justice between the parties, and that all the demands of equity are satisfied by our judgment.

This action is brought under the code, and is therefore enlarged so as to grasp all the equities between the parties as effectually as would a bill in equity.

On the whole, after giving to the case a most careful consideration, we have come to the conclusion that the judgment of the court below ought to be affirmed.

Judgment affirmed with costs.