Heath vs. Frackleton.

---

## HEATH VS. FRACKLETON.

*Usury—Estoppel by matter of record.*

A judgment defendant estopped from alleging that usurious interest was included in the judgment, in a subsequent suit to recover treble the amount of such interest.

APPEAL from the Circuit Court for *Milwaukee* County.

The complaint alleges, in substance, that in 1858 the defendant loaned to the plaintiff $4000, and received from him five notes for $1000 each, at 12 per cent. interest, secured by a mortgage of real property; that said notes and mortgage had, about a month before said loan, been executed to one Wilson, and by Wilson indorsed to defendant or in blank, without recourse, and redelivered to plaintiff, the transaction being designed as a cover for the subsequent usurious agreement with defendant; that in 1860, defendant, in a foreclosure suit against plaintiff and others, obtained a judgment upon said notes and mortgage, by which there was adjudged to be due him $5875, principal and interest, and a foreclosure and sale decreed; that the premises were sold, and the amount of the decree made, and paid to defendant; and that the amount so paid in excess

of the sum loaned, with interest at the highest lawful rate, besides costs &c., was $1436 ; and plaintiff demands judgment for three times that sum, under the statute. Laws of 1851, ch. 172, sec. 3.

The defendant answered that he purchased the notes and mortgage of Wilson; and also set up the judgment rendered in the foreclosure suit. When the cause was called for trial, the court, on defendant's motion, rendered judgment for him on the pleadings ; and the plaintiff appealed.

*Austin, Pereles & Johnson*, for appellant :

The doctrine of the common law as to the conclusiveness of judgments is this : Where the matter in question has been tried upon a particular issue between the same parties in a former suit, and there has been a finding thereon by the jury, such a finding operates as an estoppel by matter of record, provided it be specially pleaded and relied upon as such. 1 Chitty on Pl., 604; 1 Greenl. Ev., §§ 528–30 ; *Bennett v. Holmes*, 1 Dev. & Bat., 486, and cases cited; 4 Gill & J., 345 ; 2 Phil. on Ev., 13 ; *Doub v. Barnes*, 1 Md. Ch. Dec., 127, 141 ; *Jordan v. Trumbo*, 6 Gill & J., 103 ; *Chinn v. Mitchell*, 2 Met. (Ky.), 92, 96 ; *Ross v. Ross*, 3 id., 274. The doctrine of these authorities has been adopted in this state. *Woodward v. Hill*, 6 Wis., 143 ; *Mallory v. Mariner*, 15 id., 177 ; *Eastman v. Porter*, 14 id., 39 ; *Driscoll v. Damp*, 17 id., 419. As the law stood when this loan was made, the usury did not avoid the debt as to the principal, but only as to the interest; and the plea of usury could not have been interposed in the foreclosure *without a tender of the whole principal* Again, if a judgment on default purges a claim of usury, what will become of our laws against usury ? It is as easy to put a claim into judgment in that way as to take a mortgage.

*James G. Jenkins, contra*, cited *Thompson v. Berry*, 3 Johns. Ch., 395; *S. C.*, 17 Johns., 436 ; *Rice v. King*, 7 Johns., 20 ; *Canfield v. Monger*, 12 Johns., 347 ; *Etheridge v. Osborn*, 12 Wend., 399; *Kingsland v. Spalding*, 3 Barb. Ch., 341 ; *Seymour*

*v. Marvin*, 11 Barb., 80, 87 ; *Embury v. Connor*, 3 Comst., 511 ; *Doty v. Brown*, 4 Comst., 71 ; *White v. Coatsworth*, 2 Seld., 137 ; *Castle v. Noyes*, 4 Kern., 329 ; *Hamilton Building Association v. Reynolds*, 6 Duer, 571 ; *Betts v. Starr*, 5 Conn., 550 ; *Bearce v. Barstow*, 9 Mass., 45 ; *Thatcher v. Gammon*, 12 Mass., 268 ; *French v. Shotwell*, 5 Johns. Ch., 555 ; *Bartholomew v. Yaw*, 9 Paige, 168 ; *Eggleston v. Knickerbacker*, 6 Barb., 458 ; *Tapping v. Van Pelt*, Hoffm., 545 ; *Grow v. Albee*, 19 Vt., 540.

DIXON, C. J.    This suit cannot be maintained without unsettling the very foundation of the judgment in the foreclosure action.    What is it that the plaintiff proposes to do ?    Why, clearly to show that there was no such debt, no such valid notes and mortgage, as those described in and which constitute the foundation of that judgment.    We do not argue to prove that the judgment is conclusive that there was such a debt and that the notes and mortgage were valid and the money due upon them.    It is an' elementary principle that every such judgment, unless impeached for fraud, is so far absolutely conclusive upon the parties to it.    To maintain this action the plaintiff must go behind the judgment, and show that the whole sum for which it was rendered was not due and owing, and also that the notes and mortgage, as to the sum of $1000 and all the interest purporting to have been secured by them, were void for usury.    No plainer case within the rules of estoppel by judgment can be imagined.    It is true, as urged, that the plaintiff's right to sue for three times the amount of usury paid, did not acrue until the notes and mortgage were satisfied by a sale of the mortgaged premises.    But that does not avoid the difficulty.    We have seen that the judgment is conclusive that there was no usury ; and hence the plaintiff has not made out by his complaint, and cannot make out by proof, a cause of action.    *Steward v. Downer*, 8 Vt., 320 ; *Grow v. Albee*, 19 Vt., 540.

This case bears no analogy to that of *Eastman v. Porter*, 14 Wis., 39, where the plaintiff, being defeated in his action upon the note on the ground of usury, had still a primary cause of action, not involved in the issue upon the note. Nor is it analogous to *Woodward v. Hill*, 6 Wis., 143, and cases of that nature, where the defendant has a distinct cause of action or counter-claim against the plaintiff, which he may set up in defense, but does not, and which is not, therefore, involved in the judgment. It is in principle the very same as *Driscoll v. Damp*, 17 Wis., 419. The facts on which the plaintiff relies to sustain his action, are such as go to the legal existence and validity of the notes and mortgage themselves, which were established by the judgment, and which cannot now be overhauled in any collateral proceeding. The plaintiff should have made his defense in the foreclosure action.

*By the Court.*—Judgment affirmed.