JOHN P. JORDAN *vs.* THOMAS C. PHELPS, Administrator.

The promisor of a note for a much larger sum than $30, having made a payment of $30 towards the same, which was not indorsed thereon, was afterwards sued upon the note, and filed a specification of defence thereto, in which he stated, amongst other things, a payment of $30; and being subsequently defaulted in the action, the plaintiff took judgment against him for the whole amount of the note, without deducting the payment: It was held, that the promisor could not maintain an action to recover back the amount of such payment.

---

In this case, which came before the court upon exceptions to the rulings and instructions of *Mellen*, J., in the court of common pleas, all the facts necessary for the understanding of the questions raised and decided appear in the opinion of the court.

*T. Robinson*, for the plaintiff.

*H. L. Dawes*, for the defendant.

Shaw, C. J. This action is brought against the defendant, as administrator, to recover two distinct demands, one of $100, for services alleged to have been done by the plaintiff, for the intestate, in his lifetime, and the other of $30, for so much money previously received by the intestate of the plaintiff. The former claim was left to the jury upon conflicting evidence, and under instructions which were not excepted to by the plaintiff. The jury found a general verdict for the defendant.

The other claim was as follows: The intestate in his lifetime had a note against the present plaintiff, for an amount much exceeding $30, towards which this plaintiff paid him $30. Subsequently, the intestate brought an action on the note, not having indorsed the payment thereon. The present plaintiff, then defendant, drew up and exhibited a specification of defence, stating amongst other grounds a payment of $30. At the second term, he withdrew his appearance, suffered a default, and the plaintiff took judgment for the whole amount of the note, without deducting the payment. The case shows, that the present plaintiff, when sued on his note, knew that he had made a payment thereon; that he had his evidence of that fact; and that he had opportunity to offer it, and obtain the proper reduction of damages; but that he knowingly and voluntarily declined, failed, or forbore to do so. Can he now recover it back, as money had and received by the intestate to his use or otherwise?

It is maintained, on the part of the defendant, that he had an option, either to give the payment in evidence in that action, or purposely lie by, and if the plaintiff did not himself make the deduction, then to bring an action and recover back

the money so paid; and he relies for this upon the case of *Rowe* v. *Smith*, 16 Mass. 306. That case affords some countenance to the argument for the plaintiff, and is probably the strongest authority to be found in support of such an action. But, carefully considered, we think that both the case cited and the earlier case of *Fowler* v. *Shearer*, 7 Mass. 14, are distinguishable. They go on the assumption, that the holder of the note has undertaken to indorse the payment, which, thus operating *pro tanto* as an extinguishment, must every where accompany the proof of the debt and reduce it; so that when sued the debtor has no occasion to make any formal defence, or to be at expense therefor. If, under such circumstances, the creditor fails to perform his undertaking to indorse the payment or otherwise credit it, *mero motu*, it is a breach of good faith, and a violation of trust, contrary to equity and good conscience. This is strongly illustrated by the case of *Fowler* v. *Shearer*, above cited, which was an action against an attorney, who, having a note for collection, received of the debtor a payment, which he failed to indorse; but afterwards, in behalf of his client, took judgment for the whole amount. This was a plain violation of his duty. But where there is no such undertaking to indorse, when the debtor relies on his own proof, and has full opportunity to offer it, no such reason applies. Whatever sanction the case of *Rowe* v. *Smith*, in the generality of some of its expressions, may afford to the plaintiff's argument, it is more than controlled and countervailed by the case of *Loring* v. *Mansfield*, 17 Mass. 394, decided very shortly after by the same judges. The two cases must be construed together, to ascertain the principle adjudged. The distinction is obvious between a payment and a set-off. The latter may be used by a defendant, either by way of defence, or as the ground of a cross action, at his option. But the former is an extinction in whole or *pro tanto*, according to the amount, and must be used accordingly to reduce the judgment on the cause of action to which it applies, and after judgment it is too late

for the debtor to avail himself of it.   *Marriott* v. *Hampton,* 7 T. R. 269 ; *Homer* v. *Fish,* 1 Pick. 435.

And upon principle, it appears to us that the result must be the same.   Assumpsit must be founded upon some promise express or implied.   When a creditor receives a payment towards his debt, making no express promise respecting it, the law implies no promise to repay it.   He receives it to his own use, not to the use of the payer.   It extinguishes the debt *pro tanto,* and is a finished and executed act, from which no executory duty or obligation arises.

Again, by the theory of the law, a default is an admission of record of the existence and amount of the debt claimed. By such a judgment, the debtor is estopped, and must therefore see to it, that judgment is not recovered for more than what is due, because he would be bound by that estoppel. And even if he cannot command his evidence, in order to prove his payment seasonably, so as to give it in reduction of the judgment, and afterwards is able to produce such evidence, he cannot maintain an original action to recover back the money paid, (*Marriott* v. *Hampton,* 7 T. R. 269 ;) and he is without remedy, unless he can bring himself within some of the provisions of law, relating to reviews and writs of error, by which the judgment itself can be corrected. And this principle is founded on high considerations of public policy, which requires as speedy an end to litigation as justice will permit, and prohibits circuity of action and the multiplicity of suits, in order to determine one and the same right.   The court are of opinion, that the directions of the court of common pleas, in this respect, were right.

*Exceptions overruled.*