ABEL H. FULLER *vs.* LUTHER SHATTUCK.

A debtor who has paid money on account of his debt cannot, upon the creditor's subsequently recovering judgment against him for the whole amount of the debt, maintain an action against the creditor to recover back the money so paid.

HOAR, J.　Upon a declaration for money had and received by the defendant to the plaintiff's use, the plaintiff seeks to recover the sum of fifty dollars, which is set forth in his bill of particulars thus : " December 10th 1849.　To cash paid for sleepers, $50.00."

To support this declaration he offered in evidence the following receipt : " $50.00.　December 10th 1849.　Received of A. H. Fuller fifty dollars, which is to account to me on settlement.
" Luther Shattuck."

He testified to a demand for a settlement, repeatedly made before suit brought ; that he paid the fifty dollars for which the receipt was taken upon an account running between him and the defendant for sleepers and other things ; and that he had received the sleepers of the defendant.

The defendant in his answer alleged that the fifty dollars were given him by the plaintiff in part payment for a lot of trees and timber sold and delivered by him to the plaintiff and one Fitch ; that he commenced a suit against said Fitch and the plaintiff to recover payment for said trees and timber, and in September 1851 recovered judgment against them for $160.80 and costs, for which execution issued.

There was also evidence that the defendant had admitted the receipt of money from the plaintiff in different sums, one of which was the said fifty dollars, amounting in the whole to eighty five dollars, and that he owed the plaintiff that amount, and was willing to allow it, and to have it deducted out of an execution which he held against the plaintiff.

The presiding judge ruled, that inasmuch as the plaintiff admitted having received the sleepers on account of which h

paid the fifty dollars, he could not maintain this action; and we think his ruling was right.

The plaintiff rests his claim upon the familiar principle that an action for money had and received will lie, when a defend-ant has received the money of the plaintiff, which he has not the right conscientiously to retain.   But it is difficult to see why the defendant cannot conscientiously retain this money. It was paid to him in satisfaction of an existing debt.   It was money due to him ; and, when paid, became his money.   He was bound to account for it, that is, upon a settlement, to admit the payment; but not to repay it or any part of it.   It paid the debt, which was, to that extent, thereby satisfied and extin-guished ; and so it was received and retained upon a full consid-eration.   If, after this payment, the defendant had attempted to enforce his original claim, the plaintiff could have availed him-self of it as a defence.   If the defendant had demanded and accepted payment of the same sum a second time, it would be the second payment, and not the first, which would be erroneous or wrongful.

But in any form of action, and under any statement of the plaintiff's case, the objections to the maintenance of this claim are equally decisive.   It in effect assumes, that if a partial pay-ment is made on account of a debt, upon which the creditor afterwards brings a suit and recovers judgment, the debtor can recover back the sum which he paid, by proving that it was not credited to him in computing the amount of the judgment.   It is well settled, both upon principle and authority, that no such proof is open to him.   The time for it has gone by.   He has had his day in court.   It was the very thing that he might and should have proved in the suit in which the judgment was re-covered.   To allow him to bring an action, and support it by such proof, would be to allow him to try over again one of the issues decided by the judgment; which the law does not allow. If a part of the debt had been paid before the judgment was recovered, then the whole was not due.   But the judgment is the solemn adjudication of the court, between these parties, that the whole was due.   Each party had full opportunity to be

Fuller *v.* Shattuck.

heard, and there must be some end of litigation. " It certainly is a principle admitted by all courts in the abstract," says Chief Justice Parker in *Homer* v. *Fish,* 1 Pick. 439, " that a matter of controversy, which has been inquired into and settled by a court having jurisdiction of the subject, cannot be drawn into question again, in another suit between the same parties, for the purpose of defeating or avoiding the effects of a judgment of the court to which it has been submitted." " It is sufficient that the action was of a nature to admit of such a defence, and that the plaintiff in the new suit might have availed himself of the same subject matter in the former one." p. 441.

The same rule was applied in the recent case of *Sacket* v. *Loomis,* 4 Gray, 148, which is identical in principle with the case at bar.

An exception to the general course of authorities upon this subject is indeed to be found in the case of *Rowe* v. *Smith,* 16 Mass. 306, in which the opinion is given by Chief Justice Parker. He says, " Our first impression was against this action; but upon further consideration we think it can be maintained." The action was to recover back a sum of money which had been paid, but not indorsed, upon a note, the holder of which had afterwards sued it and recovered judgment for the whole sum appearing to be due. We are constrained to believe that the " first impression " of the court was correct, and that the " further consideration " bestowed upon the case was addressed rather to its particular hardship, than to the general and salutary principles of law which should have controlled it. It is impossible, in our judgment, to reconcile the decision with the maturely considered doctrine of the same eminent magistrate in *Homer* v. *Fish ;* and it is undoubtedly in conflict with the general current of decisions in this commonwealth. It must be considered as overruled.                        *Exceptions overruled.*

*E. A. Kelly,* for the plaintiff.

*B. F. Butler & W. P. Webster,* for the defendant.