SARAH HAGAR, administratrix, *vs.* HARRISON SPRINGER and another.

*Judgment including items previously paid—remedy—review.   Limitations—statute of.*

Where a debtor has paid certain items of his creditor's account, and the creditor subsequently takes judgment for the full amount of the original account, the debtor cannot recover back the amount thus paid and wrongfully included in the judgment, his remedy being review.

No verbal acknowledgment or promise on the part of a debtor can take the items. of an account out of the operation of the statute of limitations.

Hagar *v* Springer.

ON EXCEPTIONS, and motion to set aside the verdict for the plaintiff, as being against law and the weight of evidence.

ASSUMPSIT on an account annexed for $349.19, consisting of numerous items of labor and materials, with two items of the following tenor:

Springer's bill against ship Atlanta paid twice,      $64.20

"     "    "    "  Borneo "      "      20.70

The remaining facts appear in the opinion.

*J. W. Spaulding*, for the plaintiff.

*J. D. Brown*, for the defendant.

WALTON, J. This case is before the law court on motion and exceptions.

The motion must be sustained. The plaintiff admits that the verdict is too large, and offers to remit $77.62. Her counsel thinks it is clear that the jury must have inadvertently allowed an item of interest, $63.33; and interest on that item, $14.29; which they were instructed not to allow. He is probably correct; and if this was the only error the *remittitur* might avoid a new trial. But it is not the only error. The verdict includes two other items, for which the plaintiff cannot legally recover. We refer to the two charges for money ' paid twice,'—once in payment of two bills which the defendant had against the plaintiff's intestate, and once in discharge of a judgment which the defendant recovered against the plaintiff on those bills, after, as she alleges, the bills had been paid by her husband. The two items amount to $84.90; and are charged in the plaintiff's bill of particulars as follows: ' To Springer's bill against ship Atlanta, paid twice, $64.200. To Springer's bill against ship Borneo, paid twice, 20.70.'

It appears that the defendant sued the plaintiff for the amount of those two bills, and recovered judgment against her, and that the judgment has been paid. She now claims to recover back the amount thus paid, on the ground that her husband, in his lifetime, had paid those bills to the defendant. In other words, she seeks to

nullify the judgment and recover back the amount paid to satisfy it, on the ground that it was unjustly recovered. This the law will not allow her to do. If she thinks the judgment was unjustly obtained, her proper course is to petition for a review of the action. It is well-settled that the merits of a judgment cannot be reviewed in a new action.

In *Loring* v. *Mansfield*, 17 Mass. 394. A. brought his action against B. on a promissory note, on which partial payments were indorsed. B. appeared and made a defense in the action, and judgment was finally rendered against him for the amount appearing to be due upon the note after deducting the sums indorsed. B. afterwards brought an action against A. for money had and received, on the ground that he had made certain other payments, which were not indorsed upon the note, nor allowed in the former action. The court held that he could not recover; that his remedy, if any, was by application for a review of the first action.

In *Jordon* v. *Phelps*, 3 Cush. 545, a note was sued on which a payment of $30 had been made but not indorsed. The defendant was defaulted, and the plaintiff took judgment for the full amount of the note, without deducting the payment. The defendant then brought an action to recover back the amount of such payment. It was held that he could not recover. The court said, that by the theory of the law, a default is an admission of record of the existence and amount of the debt claimed; that by such a judgment the debtor is estopped, and must, therefore, see to it, that judgment is not recovered for more than what is due; that even if he cannot command his evidence in order to prove his payment seasonably, so as to give it in reduction of the judgment, but afterwards is able to produce such evidence, he cannot maintain an original action to recover back the money paid; that he is without remedy, unless he can bring himself within some of the provisions of law relating to reviews or writs of error, by which the judgment itself can be corrected; that this principle is founded on high considerations of public policy, which requires as speedy an end to litigation as justice will permit, and prohibits circuity of action and

the multiplicity of suits, in order to determine one and the same right.

The same doctrine has been affirmed in this State. *Weeks* v. *Thomas*, 21 Maine, 465. And in England. *Marriott* v. *Hampton*, 7 T. R. 269.

Two earlier cases in Massachusetts sanction a contrary doctrine. *Fowler* v. *Shearer*, 7 Mass. 14; *Rowe* v. *Smith*, 16 Mass. 306. In the former it was held that where an attorney had a promissory note for collection, and received a partial payment of the debtor, and paid it over to the creditor without indorsing it on the note, and afterwards obtained judgment on the note, he was liable to the debtor for the amount of such partial payment, in an action for money had and received. In the latter it was held, that where A., holding B.'s promissory note, received a partial payment on account of it, which, however, was not indorsed thereon, and he afterwards recovered judgment for the whole amount apparently due, without deducting the payment, an action could be maintained against him for the sum paid, although the judgment had not been satitfied. But Mr. Rand, in his edition of the Massachusetts reports, says, ' this case cannot stand in law,' and the later decisions very clearly overrule it. It is certainly opposed to principle; for if the prevailing party in a suit, cannot accept satisfaction of his judgment without subjecting himself to a suit to recover back the amount paid him, he might as well not have a judgment.

We think the law must now be regarded as settled, both on principle and authority, that where payments have been made upon a chose in action, and the creditor afterwards takes judgment for the full amount of his debt, without deducting the payments, the debtor cannot maintain an action to recover back the amounts thus paid,—that his only remedy is by a review of the action in which the judgment was rendered.

Perhaps this objection to the verdict might also be obviated, and a new trial avoided, by a *remittitur*, but for the fact that the remaining portion of the verdict seems to rest on an erroneous ruling of the presiding judge, respecting a new promise, such as will take a cause of action out of the operation of the statute of limitations.

To some of the earlier items on the plaintiff's bill of particulars, the defendant pleaded the statute of limitations. To avoid this ground of defense, the plaintiff called a witness, who testified that the defendant looked over the account-books of the plaintiff's intestate with him, on which these items were charged; that the defendant at first demurred to one item; but finally acknowledged that the account was correct, and agreed to come in in the afternoon and settle it. The exceptions state, that upon this evidence the presiding judge instructed the jury, that if this acknowledgment was an agreement to pay the plaintiff, it would take these items out of the application of the statute of limitations, and the defendant would be liable to pay so far as these items were concerned.

This was clearly erroneous. Our statutes declare that no acknowledgment or promise shall be allowed to take the case out of the operation of the statute of limitations, unless the acknowledgment or promise is an express one, in writing, signed by the party chargeable thereby. R. S., c. 81, § 93.

There is no pretense that there was any such acknowledgment or promise in this case.     *Motion and exceptions sustained.*

*New trial granted.*

APPLETON, C. J.; KENT, DICKERSON, BARROWS, and DANFORTH, JJ., concurred.