ALBANY,
August, 1812.

LOOMIS
v.
PULVER.

## LOOMIS *against* PULVER.

A. in 1808, gave B. a promissory note payable on *demand*, which B. afterwards, transferred to C. who, in 1810, sued A. on the note before a justice and recovered the amount, tho' A. had previously settled and paid it to B. It was held, that C. took the note subject to all equity between A. and B., but that A. ought to have set up the payment to B. as a defence to the suit bro't by C. and not having done so, he could

IN ERROR, on *certiorari*, from a justice's court. *Pulver* sued *Loomis* before the justice, for money had and received, &c. *Pulver* offered to prove that, in 1808, he gave *Loomis* two promissory notes, payable on demand, which he transferred to *S. L.*, who, about a week before the trial, in 1810, sued the plaintiff, and recovered the amount of the notes; and that previous to the transfer to *S. L.*, *Pulver* had paid the amount of the notes to *Loomis*. This evidence was objected to, but the justice overruled the objection. The plaintiff then proved that the defendant declared that he had settled all accounts with the plaintiff, and that he owed him 4 cents. It did not appear, however, that any thing was said about the notes, at the time of the settlement.

On this evidence, the jury found a verdict for the plaintiff, for 15 dollars, on which the justice gave judgment.

*Per Curiam.* Several objections were stated to this recovery, but the principal one is, that the plaintiff ought to have set up this payment as a defence against the notes. As the notes were payable on demand, he could not make the recovery a ground of an action, for money had and received, against B.

able on demand, and not negotiated until two years after the date of them, the person to whom they were transferred took them subject to all equity, and to the previous payment, or accounts, against the defendant. There is no doubt that this formed a good defence against the notes; and if the plaintiff neglected to make this defence, he is precluded from making that recovery a ground of action against the defendant. This was the acknowledged doctrine, in the case of *Le Guen* v. *Gouverneur & Kemble*. (1 *Johns. Cas.* 436.) On this ground, the judgment was erroneous, and must be reversed.

Judgment reversed.