Parker, C. J.
Our first impression was against this action; but, upon further consideration, we think it can be maintained. It is not like the cases, in which, after judgment suffered, an action is brought to recover back the sum, or a part of it, which was the foundation of the judgment. In those cases a new trial is the only proper * remedy; and when there has been any mistake [ * 308 ] or accident, our statute furnishes relief.
Here the creditor, by his own fault, recovered judgment for his whole debt, when a part of it had been paid. It was his duty to *256 have credited the sum paid on the note; and not having done it, he ■is to be considered as retaining the money for the use of his debtor. The debtor might well lie by, and suffer judgment to go against him by default, relying upon a deduction of the sum paid before, judgment. The case of Fowler vs. Shearer cannot be disting tished from this; for in that'as well as this, the plaintiff might have given evidence of his payment; but he confided in the attorney, that the sum paid should be endorsed upon the note.
In the case of Marriot vs. Hampton, the plaintiff brought his action to recover money paid under legal process, which was thought dan gerous. In the case before us, there is no such technical difficulty. It is not attempted to disturb the judgment; it is not complained of; it is not alleged that too much has been recovered. The ground of the action is, that the defendant has received fifty dollars of the plaintiff, which he is not entitled to retain. He might have retained :t, if he had chosen to endorse it on the note, or to deduct it from nis damages; but not having done either, he cannot conscientiously retain the money (3).

Defendant defaulted.

 [This case cannot stand in law. It allows the matters embraced in the former suit, and which had passed in rent jvdicatam, to be again brought in controversy. Upon the same principle that the plaintiff was allowed to show'that more was recovered in the former suit against him than was due, he might be permitted to show- that judgment was recovered therein when nothing was due. Of what use would a judgment be in such a case ? It would be only prima facie evidence of debt, and no better evidence than the prbmissory note itself. —Long vs. Mansfield, 17 Mass. 394. —Thacher & Al. vs. Gammon, 12 Mass. 268. —Homer vs. Fish, 1 Pick. 436. —Saxton vs. Chamberlain, 6 Pick. 422. —Minor vs. Walter, 17 Mass. 237. —New England Bank vs. Lewis, 8 Pick 113. —Whitcomb vs. Williams, 4 Pick. 228. -Livermore vs. Herschell, 3 Pick. 33 Adams vs. Pearson, 7 Pick. 341. —Ed.]