Wilde, J.,
delivered the opinion of the Court.
This case is, I think, distinguishable from that of Rowe vs. Smith, cited at the bar, and from that of Fowler vs. Shearer (3). Both of those cases were decided upon the ground that there was a trust and confidence between the parties, and that it was the duty of the defendant to have credited the sum paid on the note.
In each of those cases the debtor suffered judgment to go against him by default. There was no dispute between the parties, in relation to the note; and the Court did not think it reasonable, that the debtor should be held to retain counsel, and to produce proof of an inconsiderable payment, which he had a right to expect that the creditor would endorse on the note, or deduct from its amount, before taking judgment.
These reasons are not applicable to the present case. There was a trial in the former action, between these parties, * and the now plaintiff was present in Court, and might [ * 396 ] have been heard on the question of damages. But he lay by, and offered no evidence of his payments; with what view, or for what reason, we do not know. If it was by mistake, his proper remedy is by application for a review in the granting of which the Court will take care that no injustice shall be done in *320 respect to costs. But if the plaintiff withheld the evidence now offered, for the purpose of maintaining the present action, neither justice, nor the policy of the law, will sanction a procedure so manifestly vexatious.
The general principle, that money paid under legal process cannot be recovered back again, is well established. The merits of a judgment can never be overhaled by a new action. Otherwise there would be no end of litigation.
The present case is stronger than that of Marriot vs. Hampton (4); for there it appeared, that the evidence of payment was not voluntarily withheld at the former trial. The receipt had been mislaid, and there was no other proof of the payment; so that Marriot could not defend himself in the first action. He afterwards found the receipt, and brought his action, to recover back the amount of the sum wrongfully enforced in payment. But the Court thought the rule of law inflexible, and that it would be a dangerous precedent to allow the merits of the former judgment to be thus over haled. This case is noticed by the Court in Rowe vs. Smith, with out objection to the decision, the propriety of which was never intended to be questioned.
The case of Moses vs. Macferlan (5) has been often doubted; but the case at bar goes much farther. “ The ground of this action,” says Lord Mansfield, “ is not that the judgment was wrong; but that (for a reason which the now plaintiff could not avail himself of against that judgment) the defendant ought not in justice to keep the money.” “ Money may be recovered by a right and legal judgment; and yet the iniquity of keeping that [ * 397 ] * money may be manifest, upon ground which could not be used by way of defence against the judgment.” It is clear, I think, from these and other remarks made by Lord Mansfield, in delivering the opinion of the Court, that the case of Moses vs. Macferlan turned on a distinction which cannot apply to the present case; so that, whether it was rightly determined or not, it is no authority for the plaintiff. Nor can any case be found in support of the case at bar.
The Court are, therefore, all of opinion that the nonsuit was rightly ordered, and that judgment must be entered up for (6)

Costs for the defendant

 7 JMass. Rep. 14

 7 D.fyE. 269.

 2 Burr. 1005.

 [Vide note to Rowe vs. Smith, 16 Mass. 306.—Ed.]