## SMITH vs. WEEKS.

The principle of *res adjudicata* is only applicable to matters directly adjudicated, and not to matters which might have arisen incidentally or collaterally.

It is not enough to estop a plaintiff from maintaining his action, that the matter upon which it is founded might have been available in a former suit between the same parties.

Where W. commenced proceedings against S. under the mechanic's lien law, and recovered a judgment for the amount of his account, by default, without giving S. credit for the amount of a receipt and an order which S. had paid to him; *Held* that S. might maintain an action against W. to recover the amount so paid.

When W. received the money specified in his receipt, and when he drew the order upon S. and the same was accepted and paid, there was an implied agreement on his part that those sums should be credited upon his account against S. And in omitting to make the application, he was chargeable with a breach of good faith.

THIS was an appeal from a judgment rendered at the Ulster circuit, in February, 1856. The cause was tried without a jury. The plaintiff gave in evidence a receipt, as follows: "Kingston, January 26, 1853. Received from Henry J. Smith ninety-eight dollars on Methodist church, and eighty dollars cash, on account. Whiting Weeks." Also an order as follows: "Mr. Henry J. Smith, pay C. F. Phillips thirty-five dollars and charge the same to my account. January 27, 1853. Whiting Weeks."

The plaintiff then proved that in March, 1853, the defendant commenced proceedings against him, under the provisions of the mechanics' lien law applicable to the county of Ulster, upon an account amounting to $1371.38, and, in August following, the defendant recovered a judgment against the plaintiff for the amount of his account, by default. It was admitted that the plaintiff had not been credited with the money mentioned in the instruments upon which this action is brought.

The testimony being closed, the defendant's counsel moved for a nonsuit, on the ground that the plaintiff was bound to interpose his demand as a defense to the proceeding under the

lien law, and not having done so, he was barred by the judgment from recovering his demand in this action. The court granted the motion, and judgment having been perfected in favor of the defendant, the plaintiff appealed to the general term.

*E. Cooke,* for the plaintiff.

*T. R. Westbrook;* for the defendant.

*By the Court,* HARRIS, J. None will deny that the plaintiff ought to recover the money for which he has brought this action, if a recovery can be had without violating any principle of law. The defendant has had the money. It was paid by the plaintiff, and yet he has received no benefit from such payment. Ordinarily, this is sufficient to lay the foundation for an action.

But it is insisted that this cannot be done without again drawing in question matters determined by the judgment recovered by the defendant against the plaintiff. If this be so, the objection is, of course, fatal to the action. For all courts agree that a matter which has once been determined by a court of competent jurisdiction, cannot be reviewed or re-examined in another suit between the same parties. *Judicium semper pro veritate accipitur.* So long as the judgment stands, the matters adjudged are closed to all further examination.

This case, therefore, must depend upon the question whether there has been an adjudication upon the subject matter of this action. It is to be borne in mind, that the principle of *res adjudicata* is only applicable to matters directly adjudicated, and not to matters which might have arisen incidentally or collaterally. There can be no doubt that when the plaintiff found himself sued for the whole amount of the defendant's account against him, he might have interposed a defense, and insisted upon having the moneys for which this action is

Smith *v.* Weeks.

brought allowed to him as payments upon the account. But was he bound to do this, and thus greatly increase the costs for which he must certainly become liable, at the peril of losing the payments he had made, in case the defendant should omit to give him the proper credits? When the defendant received the money specified in his receipt, and when he drew the order upon the plaintiff and this was accepted and paid, there was an implied agreement on his part, that these sums should be credited upon his account against the plaintiff. In omitting to make the application, he was chargeable with a breach of good faith. The judgment recovered was for the amount of the defendant's account. This is not questioned. But the thing of which the plaintiff complains is, that the defendant did not reduce that account, as he was legally bound to do, by the amount of moneys he had received from the plaintiff.

This view of the question is abundantly supported by authority. The case of *Rowe* v. *Smith,* (16 *Mass. Rep.* 306,) is directly in point. In that case, the defendant had held a promissory note against the plaintiff for $400. The plaintiff had paid the defendant $50 on account of the note, for which he took a receipt. Subsequently, the defendant brought an action upon the note and took judgment for the whole amount. The defendant in the judgment then brought his action to recover back the $50 he had paid, but which had not been allowed to him as a payment on the note. Parker, Ch. J., said, " Our first impression was against this action, but upon further consideration, we think it can be maintained. It is not like the cases in which, after judgment suffered, an action is brought to recover back the sum, or a part of it, which was the foundation of the judgment. In those cases a new trial is the proper remedy. Here, the creditor, by his own fault, recovered judgment for his whole debt, when a part had been paid. It was his duty to have credited the sum paid on the note, and not having done it, he is to be considered as retaining the money for the use of his debtor. The debtor

HARVARD LAW SCHOOL LIBRARY

might well lie by, and suffer judgment to go against him by default, relying upon a deduction of the sum paid before judgment. The ground of the action is, that the defendant has received $50 of the plaintiff, which he is not entitled to retain. He might have retained it if he had chosen to indorse it on the note, or to deduct it from his damages, but not having done either, he cannot conscientiously retain it."

*Fowler* v. *Shearer*, (6 *Mass. Rep.* 14,) was decided upon the same principle. In that case Shearer was an attorney at law, and had received a note against the plaintiff for collection. Fowler paid him $20 to apply on the note, but without making the application, he proceeded to take judgment for the full amount of the note. Afterwards, he paid over the money to the plaintiff in the judgment. In an action against Shearer, the attorney, Fowler was allowed to recover back the money he had paid him. Parsons, Ch. J., said, "When this money was paid to the defendant, it was on the trust that he would discharge the plaintiff, either by indorsing it, or crediting it when he entered judgment. It cannot be presumed that, notwithstanding this payment, the defendant in that suit would retain counsel and call upon the present defendant as a witness to prove the payment. The defendant was guilty of a breach of the trust reposed in him by the plaintiff, and for this breach he ought to refund the money."

It is proper to notice that in a recent edition of the Massachusetts reports, the editor, in a note to the case of *Rowe* v. *Smith*, above cited, has flatly asserted that this case " cannot stand in law." The reason he assigns for an opinion so decided is, that the case allows matters embraced in a former suit, and which had passed *in rem judicatum* to be again brought in controversy. In respect to this note, it is, perhaps, enough to say, that the *editor*, however learned he may be, clearly differs in opinion with two distinguished chief justices, each of whom was sustained in his views by four associate justices. The case was decided upon the very ground that by allowing the plaintiff to recover, the judgment in the former

suit would not be disturbed. The amount of the recovery was no more than the amount of the plaintiff's debt. The thing complained of was, that the defendant had not reduced that debt by an application of the money he had received, as he ought to have done. For this omission of duty he was held liable.

The soundness of the decisions already cited was recognized in *Loring* v. *Mansfield,* (17 *Mass. Rep.* 394,) which also was an action to recover back money alleged to have been paid upon a note and not applied. The court distinguished that case from the cases cited, by the fact, that, instead of having suffered judgment to go against him by default, as in those cases, the plaintiff in this case had defended the suit against him and was present at the trial and might have been heard on the question of damages, and yet voluntarily lay by and offered no evidence of his payments. (*See also Whitcomb* v. *Williams,* 4 *Pick.* 228; *Gary* v. *Hull,* 11 *John.* 441; *Cobb* v. *Curtiss,* 8 *id.* 470; *Cowen & Hill's Notes,* 832 *to* 834.)

A contrary doctrine has been held in New Hampshire and Alabama. In *Tilton* v. *Gordon,* (1 *N. H. Rep.* 33,) the plaintiff had sold a yoke of oxen to Gordon who held a note against him, and the price of the oxen was to be credited on the note. A suit was afterwards brought on the note, and judgment obtained by default for the full amount. It was held that he could not recover the price of the oxen in a subsequent action. The court, in giving judgment, attach some importance to the fact that under the provisions of a statute of New Hampshire, the plaintiff was not remediless in the first action. *Broughton* v. *McIntosh,* (1 *Alab. Rep.* 103,) and *Mitchell* v. *Sanford,* (11 *id.* 695,) are to the same effect.

In my judgment, the good sense and justice of the question are with the Massachusetts cases. It is not enough to estop the plaintiff in the second action, that the matter upon which it is founded might have been available in the first. The ground upon which this action proceeds is, not that the judgment in the first action is wrong, but that, conceding its va-

lidity, the defendant has money in his hands which he received from the plaintiff, and which in justice he ought not to keep. He might, indeed, have made it right for him to keep the money, but he elected not to do so. He received it upon a trust and confidence that he should apply it in a specific manner. This he has not done, and it is now inequitable that he should retain it. The plaintiff had a right to expect that the defendant would perform his duty, and, when he came to take judgment for his debt, that he would credit the payments which had been made. To hold that he was bound to appear in the action and employ counsel at his own expense, merely to see that the defendant did what he had agreed to do, would, in my judgment, be unreasonable. If the defendant is now charged with the expense of another suit, it is his own fault. He might well have avoided it, by merely giving credit for the payments he had received. Unless this action is sustained, the plaintiff has lost his money, and that too, without any fault of his own.

I am of opinion that the judgment should be reversed and a new trial granted, with costs to abide the event.

[ALBANY GENERAL TERM, December 7, 1857. *Wright, Gould* and *Harris,* Justices.]