Binck *v.* Wood.

————•◦•————

## BINCK *vs.* Wood.

The maker of a promissory note paid $100 thereon, to the payee, who omitted to indorse or give credit therefor, but sued the maker and surety, and recovered judgment for the full amount of the note, the suit not being defended, and issued an execution thereon; whereupon the surety paid the judgment, and taking an assignment of the principal's claim, brought an action to recover back the payment of $100. *Held* the action would not lie.

The law will not uphold the faith and trust that allow a man when sued upon a note, to lie by and rest upon the belief that the plaintiff will not do what he has notified the defendant, in the summons and complaint he will do—viz. take judgment for the whole amount of the note, without crediting a previous payment—and then bring an action to recover back a part of the judgment recovered, on the ground that his just confidence has been betrayed.

The case of *Smith* v. *Weeks*, (26 *Barb.* 463,) overruled.

THIS is an action by the surety on a $350 note to recover $100 paid thereon by his principal, which the payee omitted to credit, but sued the maker and surety, recovered judgment for the full amount (the suit not being defended,) issued execution thereon, and this plaintiff, the surety, paid the judgment and then brought this action to recover back the $100. The principal in the note also assigned the same claim to the plaintiff. The referee reported in favor of the plaintiff, and the defendant appealed.

*A. Bingham,* for the plaintiff and respondent.

*W. C. Benton,* for the appellant.

*By the Court,* PECKHAM, J. It is impossible, I think, to sustain this report upon any principle known to the law. It seems to be based upon a decision of this court in *Smith* v. *Weeks,* (26 *Barb.* 463.) The opinion there was delivered by Justice Harris, and it sustains this case. Had the learned justice, in his opinion, examined the authorities in this state and still arrived at the same conclusion, we should feel bound by the decision. But no authority in this state tending to such a result is alluded to, nor is a principle stated which we think can sustain this action.

The authorities cited and relied upon, are *Rowe* v. *Smith,* (16 *Mass. Rep.* 306;) *Fowler* v. *Shearer,* (6 *id.* 14;) and *Loring* v. *Mansfield,* (17 *id.* 394.) The first case, it is conceded, is an authority directly on the point. There the plaintiff had paid $50 on a $400 note and taken a receipt. Afterwards he was sued on the $400 note and judgment entered against him for the whole amount. An action by the plaintiff to recover back the $50 was sustained. Parker, Ch. J. stated that his "first impression was against this action." Finally it was sustained on the ground "that the defendant had received $50 which he is not entitled to retain. That he can not conscientiously retain it." The

editor of a late edition of the Massachusetts Reports says this decision can not stand in law.    The ground of the recovery will be examined hereafter.

*Fowler* v. *Shearer* was an action against an attorney, for not applying money given to him for that purpose, upon a demand in his hands for collection against the plaintiff. That action was sustained, on the ground that the attorney "had been guilty of a breach of the trust reposed in him." There is some plausibility in the claim for sustaining such an action, if the attorney for the purpose of applying the money could be regarded as the agent or servant of the plaintiff in the second action.    If he were so in fact, the action would of course be for the breach of trust, and this case could not be held as any authority for sustaining this action.

The case of *Loring* v. *Mansfield*, (17 *Mass. Rep.* 394.) involves the same principle decided in *Rowe* v. *Smith*, (16 *Mass. Rep.* 306,) with this difference of fact, that in the former case the plaintiff in the second action appeared in the first and contested the recovery, but did not attempt to prove the payments for which he afterwards brought an action. The court held, however, that he could not recover; the ground being substantially, that having been in court he ought to have proved his whole defense when he had an opportunity.    In neither case was there any actual trial as to the payment claimed to be recovered.    This case, therefore, overrules *Rowe* v. *Smith*.    The court in 26 *Barb.* also referred generally to *Witcomb* v. *Williams*, (4 *Pick.* 228;) *Gary* v. *Hull*, (11 *John.* 441;) and *Cobb* v. *Curtiss*, (8 *id.* 470.)    Neither of these cases tends in the remotest degree to sustain the position for which they were cited.    In the first the action was to recover for an over payment made by mistake.    The court say: "In this case a cause of action has been shown, independent of the judgment; nor was the proof of the judgment at all material to the merits of the case."

In *Gary* v. *Hull*, the defendant below, Gary, had recov-

ered a judgment against Hull for $40. It was then agreed that Hull might pay it in bark. The bark was delivered, but the parties not agreeing on the price, the defendant issued execution on his judgment. The plaintiff then brought an action for his bark, and it was held to lie, on the ground that the agreement to pay the judgment had been waived by the issuing of the execution. That it had been rescinded by mutual consent.

*Cobb* v. *Curtiss* was an action for breach of contract, for not discontinuing a suit in a justice's court after it had been settled, the subject matter satisfied, and the plaintiff had agreed to discontinue. On these facts the right to recover was plain. The court say: "This suit was brought for breach of an agreement to discontinue the former suit, and this breach would be the same, even if the former recovery had been for a just debt."

Upon this review it will be perceived that the only authority sustaining the court in *Smith* v. *Weeks*, (26 *Barb.*) is the case of *Rowe* v. *Smith*, in 16 *Mass. Rep.* The ground on which it stood was overruled in *Loring* v. *Mansfield*, (17 *Mass. Rep.*) before referred to. It was just as "unconscientious" for a party to retain the money in the one case as in the other. It was not litigated at all in the latter, though the party appeared to litigate another question, viz. usury.

The contrary doctrine, it is conceded, is held in every other state to whose authorities we have been referred. (*Tilton* v. *Gordon*, 1 *N. H. Rep.* 33. *Broughton* v. *McIntosh*, 1 *Ala. Rep.* 103. *Mitchell* v. *Sanford*, 11 *id.* 695.) In our own state the authorities are numerous and uniform. (*Loomis* v. *Pulver*, 9 *John.* 244. *White* v. *Ward, Id.* 232. *Battey* v. *Button*, 13 *id.* 187. *Walker* v. *Ames*, 2 *Cowen*, 428.) The last case was especially hard and unconscionable. There had been a recovery on an account and also on a note given on settlement of the same account. The defendant in that recovery then sued to recover back one half of the judgment thus improperly recovered. The court held the action would

Binck *v.* Wood.

not lie. "That there could be no end to litigation nor any security to a person" if such an action would lie. (*See also Dey* v. *Dox*, 9 *Wend.* 129; *Edwards* v. *Stewart*, 15 *Barb.* 67; *Canfield* v. *Monger*, 12 *John.* 347; *Grant* v. *Button*, 14 *id.* 377.)

We are referred to no authority in England that sustains this action. The contrary is settled in *Marriat* v. *Hampton*, (7 *T. R.* 269,) where the remark is made, quoted *supra* in *Walker* v. *Ames;* and see *Kist* v. *Atkinson*, (2 *Camp.* 63.) Nor can I find any principle that will uphold this action. So far back as legal decisions are reported, it has always been held that you could not overhaul, in another action, what had once been adjudged by a court of competent authority, having jurisdiction of the parties and of the subject matter adjudged. The subject was fully discussed in the court of errors in *Le Guen* v. *Gouverneur*, (1 *John. Cas.* 436,) and the rule laid down much broader than is required to defeat this action. The judgment is equally a bar, whether obtained by default or after a trial, as to all matters necessarily adjudged by the judgment. It concludes parties and privies as to all matters of fact necessarily determined by the judgment, so that they can not be overhauled in another suit.

A. sues B. on a note void for usury, duress or under the statute against betting and gaming, or extinguished by accord and satisfaction, payment or otherwise, and gets judgment by default; why can not B. sue him and recover the amount back? Surely it is "unconscientious" that A. should retain this money. He can not simply because the law has judicially determined against his cause of action. It has adjudged that the note was not void or invalid, and so long as that judgment stands you can not again, in another action, litigate any such question. Payment extinguishes a note; a set-off or recoupment does not, until a judgment of the court after trial has so declared. Payment extinguishes a debt as fully and effectually by the act of the parties, as a set-off can do when so declared by the judgment of a com-

petent court. A judgment on a note necessarily determines its validity, and therefore that it has not been paid.

A. enters upon B.'s land in the fall, claiming the right to sow grain there under a lease, and sows it. B. sues him in a justice's court for such entry, and recovers—afterwards A. gathers the grain and B. sues him for its value. He recovered because the first suit determined that A. had no right to sow the grain but was a trespasser in doing so, though the court in the last suit thought the first erroneously decided. The right was settled in the first suit. (*Brandow* v. *Morss*, lately decided in the court of appeals, but not yet reported.)

These positions are elementary, and need no authority for their support. Mr. Justice Harris, in *Smith* v. *Weeks*, (*supra*,) says: "The good sense and justice of the question are with the Massachusetts cases. The plaintiff had a right to expect that the defendant would perform his duty, and when he came to take judgment for his debt, that he would credit the payment which had been made. To hold that he was bound to appear in the action and employ counsel at his own expense, merely to see that the defendant did what he had agreed to do, would, in my judgment, be unreasonable."

The justice that conflicts with well settled principles of law, settled and declared by enlightened men from broad views of the public welfare, may safely be regarded as of very doubtful character. It is usually the offspring of negligence, and the parent of bad law. It is an old maxim, translated into English, that it is for the interest of the republic that there should be an end to litigation. In the last case cited the plaintiff there, as here, had full opportunity, and was expressly notified by the first suit, to appear and set up his defense, as the plaintiff there claimed to recover the full amount. He chose to think he was not in earnest, or if he were that the plaintiff here could sue and recover it back. He could have appeared and compelled the allowance of the payments at a trifling expense, compared

to the cost of this litigation. In fact the defendant there might have litigated the question at the expense of the plaintiff there, by serving the offer to allow judgment for the proper amount as provided for by the code; or when he found that the plaintiff there had taken judgment for too much, he might have had the judgment opened, and litigated the question upon just terms. The law can not uphold the trust and faith that allow a man to lie by as the plaintiff here did in the first suit, and rest upon the belief that the plaintiff there would not do what in the summons or complaint he had expressly notified this plaintiff he would do, viz. take judgment for the whole amount of the note, and then maintain an action to recover back part of the judgment on the ground that his just confidence had been betrayed. Having, as he knew, a good defense, he thought, of course, that the plaintiff there as an honest man, would recognize it. Such doctrine puts an end to the effect which the wisdom of ages has given to judgments. (3 *Bac. Abr. ed. by Bouvier, title Evidence F. of written evidence,* 568, 569, *and cases cited.*)

If he had been ignorant of the defense, and the plaintiff well knowing its existence, had fraudulently concealed it from him, he could not sustain another action to "rip up" any thing adjudged in the first suit. (*White* v. *Merritt,* 7 *N. Y. Rep.* 352.) It is insisted by the counsel for the plaintiff here that any defense or cause of action that arose after the cause of action in the first suit, might be the basis of an action. No such distinction, I think, can be maintained. A release or discharge of the cause of action on such a ground need not be pleaded, but it might be the subject of a new action. This I think can not be pretended. *White* v. *Merritt,* (*supra,*) I think, is at war with such a position.

The true question is, I think, whether the defense afterwards arising by the act of the parties extinguishes the demand—like payment, accord and satisfaction, release, &c.; or whether it is merely in the nature of a set-off, which never

Binck *v.* Wood.

extinguishes the demand until applied and adjudged by the court. The referee found here that this $100 had been paid on the $350 note. To that extent it extinguished that note the moment it was so paid. The judgment recovered adjudged that note was not extinguished, but was a valid subsisting security for its full amount. That judgment therefore is a bar to this suit.

Nor can I see any ground, irrespective of the assignment, on which this plaintiff could sue for this $100. He never paid it except on the judgment. He never had any contract or privity with this defendant in regard to it. The rye, the thing paid by his principal, belonged to his principal with whom he signed the note as surety. The idea that this defendant made any contract with this plaintiff, was repudiated by his counsel on the reference. The only ground on which he claims a right to maintain the action is that he paid the money on the judgment recovered against him and his principal, and therefore the breach of the contract or of faith between this defendant and this plaintiff's principal enured to this plaintiff's benefit. The court held in *Smith* v. *Weeks*, (26 *Barb.* 463,) that the cause of action accrued the moment judgment was entered in the first suit. If so, it accrued then to the principal, Van Alstyne. (*See Garr* v. *Martin*, 20 *N. Y. Rep.* 306.) As assignee this plaintiff can not succeed, because the referee finds that his assignor was, at the time of the assignment, indebted to the defendant here, in more than the sum assigned. Of course, as assignee, he took the assignment subject to all the equities between the original parties.

The judgment must be reversed and a new trial granted; costs to abide the event.

[ALBANY GENERAL TERM, March 7, 1864. *Peckham, Miller* and *Ingalls*, Justices.]