## DOYLE V. REILLY.

1. Referee: REPORT. In an action upon an account, the statute of limitations was one of the defenses set up; the report of the referee was so uncertain that it was impossible to ascertain therefrom when the limitation in that case commenced to run: *Held*, that it should be set aside for uncertainty.

2. Res adjudicata: PAYMENT. In an action on a bond and mortgage, it is as much the duty of the defendant to plead payment as to set up any other defense which he may have; and if he fails to do so, unless excused by some equitable circumstance, and judgment is rendered against him for a sum too large, he cannot make that recovery the ground of another action.

3. —— NEGLIGENCE OF PLAINTIFF. If the defendant in the first action has been negligent himself, this alone is sufficient to defeat his right of recovery or ground for relief.

4. —— EQUITABLE CIRCUMSTANCES. He must have been prevented by accident, surprise, mistake, or the fraud of the opposite party from making his defense.

5. —— EXCUSE REQUIRED. A party failing to defend at law when an opportunity is given him, is concluded both at law and in equity, unless he can make a satisfactory showing why he did not interpose his defense.

6. —— AFTER AN APPEARANCE. If the defendant to a foreclosure proceeding actually appeared and failed to set up payments made, as a defense thereto, he is concluded as to all remedies, except by a review of the first action.

7. —— PROMISE TO REFUND. Where the plaintiff in a foreclosure proceeding fails to credit payments made on the mortgage debt and takes a decree for the entire amount, but afterwards promises the defendant to refund the amount of such payments, the defendant may maintain an action thereon.

8. —— WHAT IS NOT NEGLIGENCE. When there is a specific agreement to credit the amount paid on a note, and when the debtor has reason to believe, or no reason to doubt, that this has been done, and fails to defend upon the faith thereof, and in ignorance that an unjust amount is sought to be recovered against him, he cannot justly be said to be negligent in not appearing and employing counsel, and may be relieved against the judgment if not paid, to the extent of the payments which should have been credited, and *semble*, that if the judgment has been compulsorily collected, the defendant may maintain assumpsit for the amount of which he has been thus defrauded.

*Appeal from Jones District Court.*

WEDNESDAY, DECEMBER 21.

OF THE RIGHT TO RECOVER MONEY PAID AND NOT CREDITED: STATUTE OF LIMITATIONS: REPORT OF REFEREE, &c. — This action was *commenced* February 20th, 1863. The plaintiff claims $1,200 upon an account for work and labor, boarding hands for defendant, &c., prior to January 10th, 1862, "and for money *refunded* by the said plaintiff to the said defendant; money paid for said defendant at his request, and interest to be deducted from said money refunded," &c., per account attached. The first two items in this account are as follows: "August 23d, 1857, to cash refunded, $250; August 23d, 1857, interest to be deducted, $50." Other similar items follow. The last item in the account is dated July, 1858. The answer is 1st: In denial. 2d. A set-off, consisting of an account against the plaintiff for hauling, &c. 3d. That plaintiff's account is barred by the statute of limitations, having accrued more than five years before this action was brought. 4th. That plaintiff's account for work, &c., arose out of partnership dealings.

By way of replication, plaintiff, after making certain denials, alleges that in May, 1859, he borrowed of defendant $700.00, and gave defendant his note and mortgage; that the money which he claims of defendant was paid to him by the plaintiff, with "the express condition and understanding that defendant would credit the amount so paid on the note and mortgage, and by false and fraudulent representations, the defendant induced the plaintiff to believe that he had credited the same; that plaintiff did not discover the contrary till long afterwards." "That afterwards defendant agreed and promised to refund and pay the money above mentioned to the plaintiff." What is meant by "money refunded" and "interest deducted,"

as used in the petition, is somewhat enigmatical. The find-ing of the referee, however, tends to remove this obscurity and to show what the plaintiff probably intended. No allusion is made in the pleadings to any judgment upon the note and mortgage mentioned in the replication. The cause was referred to a referee who reported as follows:

1st. That at sundry times between the 23d day of Au-gust, 1857, and May, 1858, the plaintiff paid to the defend-ant, in several payments, the sum of $449.50, which was intended to have been, and defendant agreed to credit, on a certain bond and mortgage held by the defendant against the plaintiff, but which he neglected and refused to do, but afterwards sued upon the bond and mortgage, and obtained a decree of foreclosure, and has collected the whole or a greater portion thereof, with interest; and the defendant agreed at the same time also to credit a certain amount of interest which was included in the bond and mortgage at the making, in consideration of payments being made before the maturity of the bond and mortgage, and which was agreed in May, 1858, to amount to $52.50, but which was never credited as agreed. 2d. The plaintiff's claim for work and labor was disallowed by the referee, both because it was partnership matter and was not proved. 3d. He also disallowed the defendant's set-off. The referee found defendant indebted to the plaintiff in the above sums of $447 and $52.50, with interest from May, 1858.

The defendant moved to set aside the report: 1st. Be-cause the matter was, upon the face of the report, *res judi-cata*. 2d. Petition sets forth no cause of action. 3d. Be-cause the claim was barred by the statute; and 4th. Because the report is uncertain and does not pass upon all the issues. The motion was sustained, and from the order sustaining it the plaintiff appeals. The correctness of the ruling of the District Court, setting aside the report of

the referee and ordering a new trial, is the question presented to the court.

*Shehan* for the appellant.

*Hammond* for the appellee.

DILLON, J. — By examining the issues made by the pleadings, in connection with the report made by the ref-
1. REFEREE: eree, it will readily be perceived that the action
report.   of the court in setting aside the report was not only eminently proper, but absolutely necessary.   To the plaintiff's claim for money paid on the note and mortgage, the defendant pleaded the statute of limitations, which makes the lapse of five years, after the cause of action accrued, a bar (Rev. § 2740), except in cases of fraud. Id., § 2741. . The record shows that this action was brought February 20th, 1863. ́ The report of the referee finds that the payments sued for were made " at sundry times between the 23d day of August, 1857, and May, 1858." It is impossible to tell from this whether they were made more than five years before this suit was brought, or within that period.   This is the difficulty with the report, if the cause of action is to be considered as accruing from the date of payment.   If the appellant insists that the defendant's conduct in not crediting the payment and in taking a recovery for the full sum, amounts to a *fraud*, for which he is entitled to relief within the meaning of the sections above quoted (Rev., §§ 2740, 2741), and that the statute does not begin to run until " the discovery of the fraud," the answer is two-fold : 1st. He makes no such case by his pleadings, and 2d, there is no finding as to the date when he first became aware of the fraud.   Again, if the appellant claims that his cause of action did not arise until ́the defendant obtained the judgment on the bond and mortgage, and that he could sue at any time within five years from the

Doyle v. Reilly.

rendition or payment of such judgment, the report is entirely silent as to when the foreclosure action was brought, or when judgment therein was rendered, or at what time or under what circumstances, whether voluntarily or by compulsion, the defendant "collected the whole or the greater part thereof." A report so uncertain and defective as respects a material issue in the cause, was most properly set aside.

As the cause will have to be retried, some observations in relation to the nature of the action are called for. 2. RES ADJU- Where a debtor has made payments which are DICATA: payment. not credited, and he has, afterwards, been compelled to pay the whole amount by judicial proceedings, the question, whether he can have redress, depends upon circumstances, some of which, without entering upon the subject at great length, we will proceed to state. We confine our observations to cases of *payment* strictly. (As to what is payment, see *Strong* v. *McConnell*, 10 Verm., 233.) 1st. It is as much the duty of a party, when sued, to plead *payment*, as it is to plead any other defense which he may have; and if he fails to do so, unless excused by equitable circumstances, and judgment is rendered against him for too much, he cannot make that recovery the ground of a new action. This is the general rule, and it is bottomed on the maxim, *interest reipublicæ ut sit finis litium*. (*Loomis* v. *Pulver*, 9 Johns., 244; *White* v. *Ward*, Id., 232; *Le Queen* v. *Governeur*, 1 Johns. Cas., 436; *Walker* v. *Ames*, 2 Cow., 428; *Faulkner* v. *Campbell*, Morris (Iowa), 148, 150; *Marriatt* v. *Hampton*, 1 Term, 269; *S. C.*, with English and American notes, 2 Smith's Lead. Cas., 237 (marg.) 2d. If the defendant, in the first action, was, himself, negli- 3.——Negli- gent, this alone is sufficient to defeat his right of gence of plaintiff. recovery or ground for relief. (See, in addition to the cases above cited, *Kriechbaum* v. *Bridges*, 1 Iowa, 14; *Arnold* v. *Grimes*, 2 Id., 1, 7; *Houston* v. *Wolcott & Co.*, 7

Id., 173, and other cases in this State cited in Iowa Digest, p. 213; *Briggs* v. *Shaw*, 15 Verm., 78; *Dilley* v. *Barnard*, 8 Gill. & J., 170; *Tapp* v. *Rankin*, 9 Leigh, 478.) The plaintiff's case, says MARSHALL, Ch. J., (*Marine Ins. Co.* v. *Hodgson*, 7 Cranch, 332), must be unmixed with any fault or negligence in himself. 3d. He must have been pre-*4. —— equitable circumstances.* vented by accident, surprise, mistake or fraud of the opposite party from making his defense. (See same authorities, and also, *Emerson* v. *Udall*, 13 Verm., 477, and the many cases cited in 2 U. S. Equity Digest, p. 125, sec. 138; *Ware* v. *Harwood*, 14 Vesey, 31. Further illustrations, see *Turpen* v. *Thomas*, 2 Hen. & Mumf., 139; *Dudley* v. *Cole*, 1 Dev. & Bat. (Eq.), 429.) 4th. A party failing to defend at law when an opportunity is given *5. —— excuse required.* him, is concluded both at law and in equity, unless he can make a case "externally clear." (*Per* Lord ELDON in *Protherve* v. *Forman*, 2 Swanst., 227, where relief was denied, the defendant not showing why he did not defend at law; so in *Haden* v. *Garden*, 7 Leigh (Va.), 157; see also, *Caldwell* v. *Fifield*, 4 Zab., (N. Y.), 150.) 5th. The report of the referee, in the case at bar, does not find *6. —— after appearance.* whether the present plaintiff appeared and defended the foreclosure action or not. If he did then appear, he knew that the payments were not credited, and if he failed to claim them, all of the authorities agree that he would be barred of an action to recover them, his only remedy being a review of the first action. (See, in addition to cases above, *Loring* v. *Mansfield*, 17 Mass., 394; *Smith* v. *Weeks*, 26 Barb., 463; *De Sylva* v. *Henry*, 3 Porter (Ala.), 321.) 6th. In the case at bar, the plaintiff alleges that the defendant, afterwards, promised to refund the money which *7. —— promise to refund.* the plaintiff paid on the note and mortgage, and which was not credited. The referee does not make any finding upon the subject. If such an express promise is shown, it is valid, and will support a recovery

thereon. (*Bentley* v. *Morse*, 14 Johns., 468; *Cameron* v. *Fowler*, 5 Hill (N. Y.), 306.)

It will be observed, in examining the authorities, that the defendants in the first action have sought relief or redress for payments made and not credited in different modes, as, 1st. By bill in equity for relief against the judgment. (Story Eq., § 879, citing *Gainsborough* v. *Gifford*, 2 P. Wms., 424 (1727), and see observations on this case in *Protherve* v. *Forman*, 2 Swanst., 227, 233 (1818), per Lord ELDON; in *Smith* v. *Lowry*, 1 John. Ch., 320, 324, per Chancellor KENT, who intimates that it is overruled by *Marriott* v. *Hampton*, 7 Term, 296; *S. C.*, 2 Smith's L. Cas., 237 (marg.); see also L. Cas. in Eq., vol. 2, part 2, p. 102; *Bateman* v. *Wilcox*, 1 Sch. & L., 201, per Lord REDESDALE; *Taylor* v. *Wood*, 2 Hay., 332; *Beams* v. *Denham*, 2 Scam., 58; and see Revision, chap. 141; also *Marshall* v. *Dupuy*, 11 Ben. Mon., 219, as to remedy provided by statute.)

Or 2d. By action for money had and received. *Marriott* v. *Hampton*, *supra*, is the leading case, denying the right to maintain this action. Some cases in this country, though not professing to overrule or deny it, seem to me not to be reconcilable with it; such as *Fowler* v. *Shearer*, 7 Mass., 14; *Rowe* v. *Smith*, 16 Mass., 306; as to which last case doubts are intimated in a note, and in *Fuller* v. *Little*, 7 N. H., 535; but it was expressly followed in the recent case of *Smith* v. *Weeks*, 26 Barb., 463 (1857). See also *Loring* v. *Mansfield*, 17 Mass., 394; 2 Smith's L. Cas., 342 (top); *Fuller* v. *Little*, 7 N. H., 538; *King* v. *Hutchins*, 8 Foster, 561.

Or 3d. By an action for the breach of the agreement to credit, whereby the plaintiff seeks to recover as damages an amount equal to the unjust recovery against him. (*Cobb* v. *Curtiss*, 8 John., 470. See also *Fuller* v. *Little*, 7 N. H., 535; *King* v. *Hutchins*, 8 Foster, 561.) Of course, if there

is an express promise to repay or refund, *that* is the ground of recovery.

Under our system of pleading the plaintiff sets out the *facts* entitling him to recover, and we recommend that he amend his pleadings. We have thrown out the above remarks as to the mode of redress, so that the plaintiff may, if he sees fit to amend, do so, understanding our views of the general questions likely to arise. It only remains to be observed that we are of the opinion that where there is an agreement, especially a specific agreement, to credit the amount paid on the note, and where the debtor has reason to believe or no reason to doubt that this has been done, and fails to defend upon the faith thereof, and in ignorance that an unjust amount is sought to be recovered against him, he cannot justly be said to be negligent in not appearing and employing counsel to guard against a dishonest act which he had no reason to anticipate; and in such a case he may be relieved against the judgment if not paid to the extent of payments not credited, or if the judgment has been compulsorily collected, we are inclined to hold, though this is more doubtful, he may, in the case supposed, maintain *assumpsit* for the amount out of which he has been defrauded.

We do not say that there can be no relief or recovery under any circumstances. We only say that in our judgment, after a full examination of the subject, both upon principle and authority, these circumstances are sufficient.

Affirmed and remanded.