33  415
9ap 11

THE HOME INSURANCE COMPANY, Plaintiff, v. DAVID
H. DUNHAM and THE CHATHAM NATIONAL BANK
and Others, Respondents, and SAMUEL NORDHEIMER,
Appellant.

*Usury — to constitute it the agreement to pay excessive interest must be an absolute
one — judgment in partition — effect thereof, on the rights of mortgagees who are
parties thereto as between each other.*

One Nordheimer having loaned $15,000 to D. H. & J. B. Dunham, the latter to
secure the payment thereof executed a mortgage to one H., who thereafter
assigned it to Nordheimer. The mortgage secured the payment of interest at
seven per cent only, but by another instrument, signed and delivered by the
mortgagees, simultaneously with the delivery of the assignment, they agreed to
pay eight per cent instead of seven, " or any taxes that may be exacted."

*Held,* that as the second instrument contained an alternative and not an absolute
agreement to pay more than seven per cent it did not render the mortgage
usurious.

After the execution of the mortgage held by Nordheimer, and of another one
given to a bank, an action of partition was brought by one of the mortgagors
against the other, and against the owners of other interests in the land. In
this action, to which Nordheimer and the bank were made parties, a judgment
was entered allotting a portion of the premises to the mortgagors and transfer-
ring the liens of the mortgages thereto.

*Held,* that this judgment estopped the bank from thereafter attacking the validity
of Nordheimer's mortgage on the ground of usury.

Appeal from an order made at Special Term, overruling excep-
tions to the report of a referee and confirming such report.

*John H. V. Arnold,* for the appellant.

*Sanford H. Steele,* for Chatham National Bank, respondent.

*Adolph Czaki* and *A. C. Thomas,* for Herman Schwartz,
respondent.

*William H. Arnoux,* for other respondents.

Davis, P. J.:

A surplus was realized on the foreclosure of the mortgage in the
above entitled action, to which the appellant and the several
respondents filed claims as junior lienors. The appellants mortgage
was the prior lien among the several claimants, unless it be adjudged

usurious and void, as reported by the referee and held by the Special Term in overruling the appellants exceptions and confirming the report. Assuming that the question whether or not the appellants mortgage was void for usury was one open to be contested by the subsequent mortgagee, and the judgment creditor, the first question to be considered is whether its usurious character was proven by the respondents.

It is claimed on the part of the several respondents that the appellant loaned to David H. and John B. Dunham the sum of $15,000, for which a mortgage dated October 9, 1878, to secure that sum, was executed to one Hallgarten for appellant, and by Hallgarten afterwards assigned to appellant. This mortgage on its face secured interest at the rate of seven per cent only, but simultaneously with its delivery another instrument and writing was made by the mortgagors and delivered to the appellant which is in words and figures following:

"NEW YORK, *November* 15, 1878.

"We hereby agree to pay interest at the rate of eight per cent per annum on bond and mortgage given to Mr. Julius Hallgarten, and assigned to Mr. Samuel Nordheimer, instead of seven per cent, as drawn in said mortgage, or any taxes that may be exacted.

"DAVID H. DUNHAM.
"JOHN B. DUNHAM."

This instrument expresses the agreement alleged, and by the referee found, to be usurious. An agreement to be void for usury under the statute must be one which will enable the party making the loan to demand and enforce the payment of the excessive interest, but for the operation of the statute. There must be no option on the part of the borrower to pay or not, as he chooses, the excess beyond the legal rate of interest. In this case the bond and mortgage secured legal interest only, and for that interest alone the mortgage became a lien on the land described in it. The separate and concurrent agreement did not operate to change the mortgage or affect its lien. It would, however, render the bond and mortgage usurious if it expressed any absolute agreement to pay interest on the money loaned in excess of the statutory rate. But in our opinion it does nothing of the kind. It is an agreement in the

alternative to do one thing or another; that is, to pay eight per cent in lieu of seven, as expressed in the bond and mortgage, " *or any taxes that may be exacted.*" There is no agreement to pay eight per cent, because the option of the alternatives is altogether with the makers of the instrument. They assume by the instrument no obligation to pay *anything* until the opportunity to exercise their option arises; then they have a right by the terms of the instrument to elect which they will do. When that contingency happens they will be bound to elect, or upon their refusal to elect, the right of option may perhaps be transferred to the appellant, in which case (assuming the agreement valid) he may maintain action upon it. But until the makers have the occasion to make the election or exercise their option, they are bound to pay nothing under the agreement. *No taxes were ever exacted.* There was therefore no absolute agreement to pay anything beyond the legal interest reserved by the bond and mortgage, and at no time had the appellant (the statute of usury being out of the way), any legal right to demand more than the interest reserved by those instruments. There was therefore no violation of the statute against usury, which can operate to forfeit the bond and mortgage, because there was no absolute reservation of any certain advantage beyond the rate of the interest allowed by law.

It is not clear by the terms of the agreement to what taxes the alternative clause referred. David H. Dunham, who attended to the business, testified emphatically that it referred to the real estate taxes on the mortgaged property, and had no reference to any taxes that the mortgagee might have to pay on this bond and mortgage. That being the case the agreement could not be usurious, because in exercising the option the borrowers would only do what the law required at their hands, for by statute those taxes could have been paid by the mortgagee and added to the sum secured by the mortgage. We are of opinion that the alleged usurious agreement was not proved.

But assuming that the agreement was usurious, the respondent, the Chatham National Bank, is not in a position entitling it to allege and enforce the objection of usury. The mortgages both to the appellant and to the Chatham National Bank were made of and upon the undivided interests of the mortgagors in the real estate

described in them respectively. Subsequently an action in partition was brought in the Supreme Court by John B. Dunham and his wife against David H. Dunham and his wife and this appellant, and the Chatham National Bank, the respondent, and numerous other defendants owning interest in said lands, to partition the same according to their several rights and interests, in which action certain portions of the lands and premises affected by the suit were partitioned and allotted to the said John B. Dunham and David H. Dunham and their wives, as tenants in common for their shares, etc. The effect of this judgment was to transfer and fix or limit the lien of the mortgages to appellant and to the Chatham National Bank in their respective order of priority to the lands so assigned to the mortgagors. In that action the validity of these mortgages and their relation to each other on the question of priority was necessarily asserted by the action of the mortgagors and confirmed by the judgment of the court. The mortgagors then had the opportunity and could have contested the validity of the appellant's mortgage on the ground on which it is now attacked. On the contrary, they asserted in the court the validity of both mortgages and caused their lien to be attached to the lands allotted to them in common. It must be presumed that both the appellant and the Chatham National Bank were made parties to the partition suit as such mortgagees (*Halsted* v. *Halsted,* 55 N. Y., 442), for no other interest in the premises appears.

In our opinion the judgment of partition in that case is conclusive against the Dunhams upon the question of the validity of the mortgage to the appellant. Both or either of them could have contested that question in that suit, and asserted the alleged usury ; and caused the lien, upon establishing the usury, of the mortgage to be removed from their interests in the lands. Instead of doing that they caused it to be adjudicated to rest thereafter upon their interests in common in the lands partitioned to them. Having thus deprived themselves of the right to assert the alleged usury, no junior mortgagee or lienor who was a party to that action can assert it. So in that suit the Chatham National Bank could have alleged the invalidity of appellant's mortgage on the ground of usury and cause its priority of lien to have been determined and adjudged. It saw fit to allow the lien of appellant's mortgage to be attached by

the judgment to the parcels of the real estate allotted to the Dunhams, and it is now too late to defeat that lien by the assertion of any matters which they then had opportunity to set up and contest.

The principle which now estops the Chatham National Bank as well as the Dunhams, all of whom were parties to the action in partition, from now contesting the validity of appellant's mortgage is found in numerous cases. (*Le Guen* v. *Gouverneur*, 1 Johns. Cases, 436; *Southgate* v. *Montgomery*, 1 Paige, 41; *Bruen* v. *Ilone*, 2 Barb., 586; *Harris* v. *Harris*, 36 id., 88; *Hayes* v. *Reese*, 34 id., 151; *Gates* v. *Preston*, 41 N. Y., 113; *Binck* v. *Wood*, 43 Barb., 315; *Foster* v. *Milliner*, 50 id., 385; *Bates* v. *Delavan*, 5 Paige, 299; *Dows* v. *McMichaels*, 6 id., 139; *Smith* v. *Smith*, 79 N. Y., 634; *Jordan* v. *Van Epps*, 85 id., 428.)

From these views it follows that the order of the Special Term was erroneous and should be reversed, with the usual costs and disbursements, and that the exceptions to the report of the referee should be sustained and an order made adjudging the validity of appellant's mortgage and his right accordingly to be paid out of the surplus moneys.

Brady and Daniels, JJ., concurred.

Order reversed, with ten dollars costs and disbursements; exceptions to referee's report sustained; order entered as directed in opinion.