WILLIAM WHITE, Respondent; *v.* MILTON A. CURTIS, Appellant.

(County Court, Onondaga County, December, 1905.)

Former adjudication — As bar to all matters that might have been litigated — Failure to urge counterclaim.
Justices of the peace — Procedure in Justices' Courts — Set-off and counterclaim — Unliquidated damages.

> Where, upon the trial of an action against the maker of a promissory note, brought in Justice's Court, it appears that by agreement the value of services previously rendered by defendant for plaintiff should be applied upon the note in suit and judgment is taken by default, the defendant is not precluded by sections 2947 and 2948 of the Code of Civil Procedure from maintaining an action to recover for such services, the claim therefor being unliquidated.

APPEAL for a new trial, from a judgment in Justice's Court. Motion for nonsuit reserved until after verdict. Action for services as a laborer.

George H. Sears, for appellant.

McMahon & Murphy, for respondent.

Ross, J. After the services alleged in the complaint were rendered, the defendant sued the plaintiff, in Justice's Court, upon a promissory note, and recovered judgment (upon default) ; and the defendant contends that the plaintiff herein is now precluded by the provisions of sections 2947 and 2948 of the Code of Civil Procedure from maintaining this action. " Where the defendant, in an action to recover damages upon or for breach of a contract, neglects to interpose a counterclaim, consisting of a cause of action in his favor to recover

damages for a like cause, which might have been allowed to him upon the trial of the action, he, and every person deriving title thereto through or from him, are forever thereafter precluded from maintaining an action to recover the same, or any part thereof." § 2947. "But the prohibition contained in the last section does not extend to either of the following cases." § 2948. "Where the counterclaim consists of a claim for unliquidated damages." Subd. 3.

It appeared upon the trial, by the evidence of the plaintiff, that there was an arrangement between the parties that the value of the services rendered by the plaintiff (the claim in this action) should be applied upon the note held by the defendant; which was the only claim the plaintiff owed the defendant and was the note upon which the defendant recovered judgment. The defendant also invokes the well-known rule, so emphatically stated in the text books and cases, that a judgment is conclusive of all matters essential to the adjudication. That, in this case, the judgment in favor of the present defendant upon a promissory note was, in fact, a determination that the same had not been paid, which is undoubtedly correct; and that it also necessarily determined that nothing was due the plaintiff in this action for services, which is the point in issue in this case. Binck v. Wood, 43 Barb. 315, states the doctrine advanced by the defendant, and with which I have no contention. In the Binck case, the defendant, Wood, in a former action (which was not defended) recovered judgment for the full amount of a promissory note, and did not give credit for $100, which concededly had been paid thereon. Binck, a surety of the maker of the note, brought an action to recover the $100 so paid, which the court held could not be maintained.

We must bear in mind that the determination of the question whether the plaintiff is precluded from maintaining an action is to be determined, solely, by the provisions of section 2947 and 2948, heretofore cited; and that a case which did not arise in Justice's Court under the same or a similar statute cannot be held to be a decisive authority. And also that, independent of the sections of the Code mentioned, many of the cases cited are not in point because the defense, which

might and should have been proved, related not to the claim of the former defendant, but to the claim of the then plaintiff. In other words, went to the right of action as the defense of payment, Loomis v. Pulver, 9 Johns. 244, of usury. Newton v. Hook, 48 N. Y. 676; or, as in Gates v. Preston, 41 id. 113, the familiar case of an action by a physician for professional services, the recovery by the physician was necessarily an adjudication that the services sued for were skillfully performed. In many of the cases cited, the claims sued upon in the second action, and which should have been allowed in payment or reduction of the amounts sued on in the first action, were concededly liquidated; as in Binck v. Wood, in which the amount paid was not disputed. So that the same question is presented, whether, under the cases or the provisions of the statute, the plaintiff's claim is an unliquidated one. As stated in Binck v. Wood, 43 Barb. 321, 322: " The true question is, I think, whether the defense afterwards arising by the act of the parties extinguishes the demand — like payment, accord and satisfaction, release, etc.; or whether it is merely in the nature of a set-off, which never extinguishes the demand until applied and adjudged by the court."

The courts have defined the meaning of liquidated demand in language so broad that almost any claim short of damages for an assault and battery might be embraced in the definitions given; but, upon principle, and under the cases, it seems to me that the plaintiff's claim was unliquidated.

The number of days he worked for the defendant was the subject of serious dispute, and of conflicting evidence. The value of his services was also in controversy. The claim, so far from being liquidated, varied from seventy-five dollars, which the jury might have determined from the plaintiff's evidence, to about twenty-five dollars, if they believed the evidence of the defendant and his witnesses (I only state from memory). In Nassoiy v. Tomlinson, 148 N. Y. 326, Mr. Justice Vann, on page 330, used this language: "A demand is not liquidated even if it appears that something is due, unless it appears how much is due."

Motion for nonsuit denied.