### L. M. COATES v. CLAYTON & KENNER.

#### Decided March 16, 1900.

#### Voluntary Payment—Set-Off.

Where the makers of a note, being entitled to have a payment credited thereon which the payee had agreed to indorse upon the note, but had neglected to do so, paid the full amount of the note to an assignee thereof who took it after maturity, this was a voluntary payment, and they were not entitled to recover back the amount of such credit from the assignee, nor from the payee, nor to offset it in an action by the payee against them on another and distinct note.

APPEAL from the County Court of Navarro. Tried below before Hon. J. F. STOUT.

*Stone & Lee,* for appellant.

PLEASANTS, ASSOCIATE JUSTICE.—This suit was brought by appellant to recover of appellees the balance due upon a promissory note executed by appellees in favor of appellant August 19, 1895, and due September 1, 1897, with interest at 10 per cent per annum after maturity, and 10 per cent as attorney's fees if not paid at maturity and placed in the hands of an attorney for collection. The note was given for the rent of land for the year 1897, and a distress warrant was sued out by the appellant and levied upon three bales of cotton and about fifty bushels of corn. The note was credited with $517.40, of date November 22, 1897.

The answer of appellees admitted the execution of the note sued on, but pleaded certain offsets or counterclaims which, if valid, overbalanced the amount alleged to be due on the note sued on, and averred that

the affidavit for distress warrant was untrue, and that same was illegally, unjustly and maliciously sued out, and asked damages in the sum of $82.50, the value of the property levied on, and for vindictive damages in the sum of $50, besides $15 as attorney's fees, amounting in the aggregate to the sum of $159.05. The case was submitted to a jury under a charge by the court, and verdict was rendered in favor of appellees against appellant for the sum of $39.75, the value of a portion of the property levied on, the remainder of said property having been returned to appellees. Judgment was rendered in accordance with the verdict, and appellant's motion for a new trial having been overruled, he prosecutes this appeal.

Among other items, the appellees pleaded as payment, offset, and counterclaim to the note sued on, the sum of $69.10, the value of two bales of cotton delivered by them to appellant on the 10th day of September, 1896. In regard to said item of $69.10, the pleadings allege and the evidence establishes the following facts: The appellees were tenants of appellant during the year 1896, and in payment of their rent for said year they executed a note in favor of appellant for the sum of $540, due and payable on September 1, 1896. About the time this note became due, the appellant told appellees that if they would pay it promptly he would deduct $100 from the amount of the note. On the 10th day of September, 1896, they delivered two bales of cotton to appellant, and instructed him to place the proceeds of same as a credit upon said note for $540; appellant sold the cotton on September 14, 1896, for $69.10, and on September 16, 1896, he placed a credit of $100 on said note, and then sold the note to one Reid for $440. The next year, 1897, appellees paid Reid the whole amount due upon said note, being the $440, with accrued interest.

Appellees had requested Reid to take up the note and hold it for them, and had told him that appellant had agreed to deduct the $100. Reid and appellant were at the time on a trade involving several thousand dollars, and when Reid proposed to take the note in the trade, he told appellant it must be credited with the $100. Appellant at first declined to do this, but upon being told by Reid that unless such credit was made the trade would be broken off, he finally agreed to and did place said credit on the note. Reid knew that appellant had received the two bales of cotton to be credited on the note, and told him he could turn the cotton over to him (Reid), or give it back to appellees. Appellant did not at the time reply to this suggestion of Reid's, but he testified on the trial of the case that he intended the $100 credit to include the $69.10; that he did not want to break up the trade with Reid for the difference between $69.10 and $100; that he had told appellees about the time the note became due that he would deduct $100 if they would pay it promptly, and that when he made this offer he thought appellees were going to give up his place, and not claim it under their lease for the next year, and when he found that he could

not get possession of the place he declined to make any deduction from the note.

Upon this issue the trial court charged the jury that "if they believed at the time of the entry of the $100 credit on the note it was not Coates' intention to include in said credit the $69.10 then in his hands which had been previously paid to him by the appellees on said note which he was then selling to J. M. Reid, defendants would be entitled to a credit for said $69.10, with 6 per cent interest from January 1, 1897, but if such was the intention of Coates, they would not be entitled to so recover."

Appellant assigns error upon this charge, and we think the assignment should be sustained.

When appellees turned over the proceeds of the two bales of cotton to be placed as a credit upon their note for $540, said note was then due, and the $69.10 became the money of appellant, and while appellant was bound to account to appellees for said sum on a final settlement of the note, they could not have sued him and recovered back the money so paid. Reid purchased the note from appellant after its maturity, and was charged with notice of all existing equities between the parties to said note, and if appellees were entitled to the credit of $69.10 on said note in addition to the $100 credit, they ought not to have paid that amount to Reid when they settled the note, and having done so, it was a voluntary payment on their part, and they are not entitled to recover same back. Where a defendant, although entitled to a set-off, settles a debt without insisting upon his right, it amounts to a voluntary payment. If appellees had the right to have the $69.10 credited on the $540 note, they ought to have asserted same as against Reid, and having failed to do so and voluntarily paid him that amount, they would not be entitled to recover same back in an independent action either against Reid or against appellant, and said sum can not be set off as against appellant's demands in this suit. Loomis v. Pulver, 9 Johns., 244; Fuller v. Shattuck, 13 Gray, 70; Waterman, Set-Off, 701, 705.

Because of the error of the court in submitting the above mentioned charge to the jury, the judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*